*1049 Plaintiff Santa Fe Engineers, Inc. appeals under the "direct access” provisions of the Contract Disputes Act of 1978, 41 U.S.C. §§601 et seq. (Supp. Ill 1979), from an adverse decision of the contracting officer. It seeks an equitable adjustment of $18,260,345 allegedly owing from the United States for additional costs incurred as a result of contract modifications and delays resulting from such changes. Defendant moves for summary judgment and plaintiff opposes.
In 1976, Santa Fe Engineers was awarded a contract by the Navy to build a hospital and related support facilities. The contract included the standard disputes clause. A number of disputes over contract specifications arose during the course of the project, and, pursuant to the disputes clause, claims were filed with the contracting officer. For six of the claims, the contracting officer’s final decisions denying an adjustment were made prior to March 1, 1979, the effective date of the Contract Disputes Act. The remaining twelve claims were decided adversely to plaintiff after March 1, 1979. Each of these eighteen claims was appealed to the Armed Services Board of Contract Appeals (asbca) and assigned a separate docket number by that board. Upon the request of plaintiff, each was then dismissed without prejudice in anticipation of a future consolidated action of these claims, plus later claims arising under the contract.
On March 17, 1980, plaintiff filed an overall equitable adjustment claim, a so-called "global” claim, which included all of the pending disputes plus new claims based on the impact of the individual disputes. The contracting officer denied, in relevant part, plaintiffs requests in a final decision issued January 1981. On May 5, 1981, plaintiff filed this petition under § 10(a) of the Contract Disputes Act, 41 U.S.C. §609(a) (Supp. Ill 1979), seeking direct de novo review in this court of that decision, including those claims which are identical to the eighteen claims previously appealed to the asbca.
On March 11,1981, the asbca issued a notice reinstating, consolidating and redocketing the original eighteen appeals. On May 6, the board accepted the petition filed in this court as plaintiffs complaint in the consolidated board *1050 action. The board appeal has been suspended for six months pending a decision on the jurisdictional questions presented here.
Defendant contends that we lack jurisdiction because, for the eighteen claims repeated in the "global” claim, the original appeal to the asbca was a binding election to proceed under the disputes clause and not under the Contract Disputes, Act, and, for the novel claims, that plaintiff failed to certify its claims before the contracting officer.
Both parties agree that it would be in the interest of justice to have all of the claims decided in one forum; plaintiff argues for consolidation here and the defendant argues for transfer to the asbca.[1] We are generally empowered to take either action by a broad transfer provision of the Contract Disputes Act. 41 U.S.C. §609(d) (Supp. III 1979).
Without deciding most of the issues proffered to us, we do conclude that the fatal problem for plaintiff is that five[2] of the original claims appealed to the board were decided by the contracting officer prior to March 1,1979. Those cannot be directly appealed here, even under the consolidation section of the statute. Warwick Construction, Inc. v. United States, 225 Ct. Cl. 567, 570-71 (1980); Roubin & Janeiro, Inc. v. United States, 227 Ct. Cl. 580, 584-85 (1981). See S. REP. No. 1118, 95th Cong., 2d Sess., reprinted in [1978] U.S. Code Cong. & Ad. News 5235, 5269.
The contracting officer’s post-Act decision on the "global” claim cannot be viewed as a reconsideration of those five or six original claims.[3] There is no direct mention of those claims nor any ambiguous language which might be linked to the prior claims. Plaintiffs reference to a general paragraph denying all claims not specifically mentioned is adequately explained as a denial of new claims not explicitly addressed in the "global” decision. This interpretation of *1051 the final decision is confirmed by the contracting officer in his affidavit submitted by defendant.
Because it is clear, as both sides agree, that all of the plaintiffs claims should be consolidated and heard together, and because we cannot consolidate in this court the claims decided prior to the Act, we would certainly transfer to the asbca all the "direct access” claims now properly in this court if we were called upon to do so. We need not, however, take that course, nor need we decide which (if any) of the claims stated in the petition can properly be brought here under the Contract Disputes Act at this time. The reason is that all of plaintiffs claims are now pending before the asbca which has accepted the petition in this case as plaintiffs complaint in the board proceedings. The disputes can all go forward before the asbca in that one proceeding.
For this reason, defendant’s motion for summary judgment is granted (without oral argument) only to the extent that the petition here is dismissed without prejudice (except that we do determine that we have no jurisdiction over the five or six pre-Act claims discussed above). This disposition makes it unnecessary for us now to consider, and we leave undecided, whether any of plaintiffs claims before the asbca properly fall under the Contract Disputes Act (for purposes of interest, certification, subpoena rights, etc.).
July 16,1982
ON THE PARTIES’ MOTIONS FOR RECONSIDERATION
Per Curiam:
Our order of June 4, 1982, in this case dismissed the petition, in part with prejudice and in part without prejudice. We left the case to the ASBCA. Each party moves for reconsideration. Plaintiff seeks an explicit declaration from us that all matters contained in its petition are properly before the asbca. Defendant asks precisely the opposite as to major aspects of the case.
*1052 We thought our original order said expressly that we left wholly undecided whether any of the plaintiffs claims before the asbca properly fall under the Contract Disputes Act or did not so fall for any reason. In any event, we now say explicitly that we take no position whatever on the Board’s jurisdiction over plaintiffs claims or any part of them, either under the Contract Disputes Act or otherwise. Because the Board has before it a replica of plaintiffs petition in this court, the court is of the view that the Board can and should decide whether it has authority to consider any or all of the claims on their merits (under the Contract Disputes Act or pre-Contract Disputes Act law).* All those issues are left wholly to the Board. The petition in this court is dismissed and the motions for reconsideration and clarification are otherwise denied.
IT IS SO ORDERED.
Plaintiffs petition for a writ of certiorari was denied December 13,1982.

 Defendant contends for transfer as an alternative argument if we find some of the claims to have been properly certified and properly before us on appeal.

 It is unclear whether the number of pre-Act claims included in the petition is five or six. The exact number is not material to our decision.

 Plaintiff argues that such a reconsideration after March 1, 1979, would allow it to elect to appeal prior decided claims to this court under the Contract Disputes Act. We do not decide that issue because we find that no reconsideration occurred.

 Because plaintiff did not properly certify the new parts of its so-called "global claim,” plaintiff has no "direct access” to this court on those aspects of that claim under the Contract Disputes Act. E.g., Paul E. Lehman, Inc. v. United States, ante at 11, 673 F.2d 352 (1982).