This case is before the court on plaintiffs motion to dismiss the Government’s counterclaims and the defendant’s opposition thereto. After careful consideration of the parties’ submissions and after oral argument, we transfer the petition and counterclaims before us to the Army Corps of Engineers Board of Contract Appeals.
The United States through the Army Corps of Engineers, after solicitation of bids, entered into a contract in May 1978 with plaintiff, Dravo-Groves, to construct the Richard B. Russell Dam. In the course of constructing this dam, several areas of controversy have developed between the plaintiff and the Government. The plaintiff has presented three separate claims to the contracting officer.
The first claim the plaintiff has brought before the contracting officer pursuant to the Contract Disputes Act is in relation to an extension of time for rock excavation. See 41 U.S.C. §605 (Supp. II 1978). The contracting officer denied this claim on August 15,1980. Plaintiff appealed the contracting officer’s decision on October 2, 1980, to the Corps of Engineers Board of Contract Appeals. Subsequently, plaintiff with the consent of the Corps of Engineers moved that the appeal be dismissed without prejudice so that more supporting data could be presented to the *831 contracting officer. The board granted this motion on March 25, 1981. Plaintiff submitted additional information on this claim asking for a 226-day time extension and an equitable adjustment of approximately $11 million. The contracting officer reviewed the new material and concluded the claim was still without merit. This claim is now reinstated before the board.
The second claim plaintiff has presented to the contracting officer involves the sluice gates provided by the Government. The contracting officer has decided the liability portion of this claim in favor of the plaintiff.
The third claim presented to the contracting officer by plaintiff involves the required sand moisture levels and a 14-day delay. The contracting officer denied plaintiffs claim and plaintiff properly brought suit in this court under the direct access provisions of the Contract Disputes Act. 41 U.S.C. §609 (Supp. II 1978). The Government has raised counterclaims to plaintiffs claim in this court. It asserts that plaintiff has been responsible for 6 months of unexcusable delay. The counterclaims have never been the subject of a contracting officer’s decision.
The plaintiff moves to dismiss the Government’s counterclaims on two grounds. The first states that the Goverment’s counterclaims are not properly before us since there is no contracting officer’s decision. But see Woods Hole Oceanographic Institute v. United States, 677 F.2d 149 (1st Cir. 1982). The second is that defendant is improperly seeking actual rather than liquidated damages. We, however, do not reach either issue.
41 U.S.C. § 609(d) (Supp. II1978) provides:
If two or more suits arising from one contract are filed in the Court of Claims and one or more agency boards, for the convenience of parties or witnesses or in the interest of justice, the Court of Claims may order the consolidation of such suits in that court or transfer any suits to or among the agency boards involved.
We deem it to be in the interest of justice to consolidate the suit before us and the suit before the board. Both suits involve the same contract and issues of delay. At oral argument the Government said that all the delay claims *832 were related and the plaintiff admitted that the claim before the board and the counterclaims before us were related. The defense of one claim may well necessitate the involvement of a second claim. We therefore find all the delay claims to be related. To have the litigation proceed in two separate forums would be a waste of judicial resources. See generally Santa Fe Engineers, Inc. v. United States, 230 Ct.Cl. 1048, cert. denied, 459, U.S. 1086 (1982); Roubin & Janeiro, Inc. v. United States, 227 Ct.Cl. 580 (1981); Warwick Construction, Inc. v. United States, 225 Ct.Cl. 567 (1980).
Plaintiffs rock excavation claim for $11 million before the board is the major claim. The plaintiffs claim in this court is for only $635,819, while the Government does not yet know the amount of its claims. Thus the claim before the board overwhelms the others. Plaintiff made its initial election of forum at the board. There has been no substantial work product before either forum that is not readily transferable. For these reasons we find the board is the appropriate forum to hear all the claims.
If the board under its rules requires a contracting officer’s decision before it will consider the Government’s counterclaims, it may remand the Government’s counterclaims to the contracting officer for a ruling before it proceeds to consider those claims.
Since we transfer the Government’s counterclaims to the board, we do not consider plaintiffs motion to dismiss the claims on the ground that they seek actual rather than liquidated damages.
it is therefore ordered that plaintiffs petition and the Government’s counterclaims in this case are transferred to the Army Corps of Engineers Board of Contract Appeals under 41 U.S.C. § 609(d).