## W. H. MOSELEY COMPANY, INC.

v.

### The UNITED STATES.

**No. 56–81.**

United States Court of Claims.

April 21, 1982.

John L. Runft, Boise, Idaho, attorney of record, for plaintiff. Runft, Stecher & Coffin, Ctd., Boise, Idaho, of counsel.

Sara V. Greenberg, Washington, D. C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D. C., for defendant.

Before FRIEDMAN, Chief Judge, and BENNETT and SMITH, Judges.

## ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SMITH, Judge:

On March 23, 1982, we issued an order in this contract case, granting defendant's motion for summary judgment and dismissing the petition, in which order we stated that this opinion would follow. In that order we ruled, on the basis of our opinion in *Paul E. Lehman, Inc. v. United States*,[1] that (1) certification of a claim pursuant to section 6(c)(1) of the Contract Disputes Act of 1978 (act)[2] is a jurisdictional prerequisite to a direct challenge in this court of a contracting officer's decision, and

that (2) the Government may not be estopped, by any asserted "waiver" by the contracting officer, of that statutory requirement, to claim that the proper certification is lacking.

Plaintiff's third contention, that it had in effect complied with the statutory certification requirements, was rejected in our order of March 23, 1982, with a statement that our rationale for that conclusion would be given in this opinion.

The facts necessary to our decision are as follows: plaintiff suggested certain changes in the performance requirements of a contract of January 31, 1978, it had with the Defense Logistics Agency and claimed that these changes entitle it to a monetary award based on the savings defendant realized from implementing the suggestions. Both parties agree that plaintiff's claim to the contracting officer was finalized well after the effective date of the act. There is no issue as to whether, if certification is not a barrier to plaintiff's claim, the claim meets the other prerequisites of the act.

Plaintiff argues that documents and letters submitted on its claim for the award, originally on June 15, 1979, and, in subsequent correspondence, including a supplementary memorandum and economic analysis, submitted on September 22, 1979, taken as a whole, amount to a certification. In its original memorandum in support of its claim, plaintiff adverted to the economic evaluation attached thereto prepared by Dr. Mitchell, an economist, as follows:

> The economic evaluation in support of said memorandum prepared by Dr. John W. Mitchell, an economist, concludes with these words regarding his belief that the amount requested accurately reflects the amount for which the government is liable:
>
>> In this situation, the basic theory, the timing of events, actual rejection of low bids, the contrasts with other years, and the opinions of those in the

1. *Paul E. Lehman, Inc. v. United States*, Ct.Cl., 673 F.2d 352 (1982).

2. 41 U.S.C. § 605(c)(1) (Supp. III 1979).

industry would support the proposition that a savings resulted from the implementation of the Moseley Company suggestion. An average of the approaches would support a savings of about $1.87 million.

Section 605(c)(1) states that:

For claims of more than $50,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable.

To begin with, in light of our holdings above, and in *Lehman*, we must reject plaintiff's assertion that the statute leaves the determination of. the adequacy of the certification to the contracting officer's discretion.

Certification requires that the contractor certify that (a) the claim is made in good faith, (b) the supporting data are accurate and complete to the best of his knowledge and belief, and (c) the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable. Because of the significant role certification plays in the statutory scheme, we hold that to properly certify a claim a contractor must make a statement which simultaneously makes all of the assertions required by 41 U.S.C. § 605(c)(1).

Furthermore, the language to which plaintiff adverts in the supporting documents and correspondence, even if it were not presented in a piecemeal fashion, would not meet these specific requirements. Most significantly, the fact that the language, which is supposed to indicate plaintiff's belief that the amount requested accurately reflects the contract adjustment, is written by. Dr. Mitchell and not by *the contractor* invalidates any claim to a proper certification.

Finally, plaintiff argues that now that it has gone back to the contracting officer and certified the pertinent claim, it should be able to gain direct access to the court. However, *Lehman* implicitly rejects that argument. The court in *Lehman* directed the plaintiff to a relevant board of contract appeals, with the right to subsequent judicial review in this court. And, as *Lehman* concluded, plaintiff cannot be heard to complain about this result since "[a]lthough the plaintiff's trial *de novo* will be before the Board rather than before this court, that is the consequence of the plaintiff's own default in failing to certify its claim, as the Act requires." [3]

Since plaintiff failed to certify its claim as required by section 6(c)(1) of the Contract Disputes Act of 1978, we are without jurisdiction to consider its direct appeal to this court. For this, and the other reasons set out above and in our order of March 23, 1982, and without hearing oral argument, we have granted defendant's motion for summary judgment and have dismissed the petition.

---

**3.** *Paul E. Lehman, Inc. v. United States, supra* note 1, at 356.