This case evolves from Parrino Enterprises’ submission of the lowest bid for the construction of a new postal facility in Louisiana. On the day after the bids were opened (April 10, *1053 1980) but prior to award of the contract, Parrino notified the contracting officer that a mistake had been made on its bid price. By letter dated April 11th, it requested an increase in the bid price of $81,810.00, alleging that a prospective subcontractor had erred in its estimate to the plaintiff.
Subsequently, the contracting officer requested substantiation of the existence and the amount of the mistake, including an affidavit from the subcontractor. The contracting officer indicated that plaintiffs mere statement was insufficient under the controlling regulations. Parrino did not submit the requested information and the contracting officer issued a preliminary decision on April 29, 1980, denying its request. At a meeting on May 12th, the contracting officer agreed that plaintiff could have until May 16th to submit clear and convincing evidence of the mistake. Prior to that time Parrino had submitted only an affidavit from the president of the company indicating that the mistake was due to the omission of a cost component in the subcontractor’s bid. No further evidence was proffered by May 16th and the contracting officer awarded the contract at the bid price.
Later, on April 16, 1981, the plaintiff resubmitted its claim, with a supporting affidavit from the Project Manager of the company. The affidavit states that he received a firm price of $50,000 from the subcontractor when it should have been $125,000. Based on this proof, the contracting officer advised plaintiff on April 28th that no equitable adjustment would be given. Plaintiff filed its petition here on August 4, 1981, under the "direct access” provisions of the Contract Disputes Act of 1978, 41 U.S.C. §§601 et seq. (Supp. Ill 1979).
Defendant now moves for summary judgment based on plaintiffs failure to certify its claim to the contracting officer and its failure to state a claim for reformation of the contract. Parrino has failed to respond to defendant’s motion and its time has long expired. We grant defendant’s motion on the ground of lack of certification.
The Contract Disputes Act requires for claims over $50,000 that a contractor certify that "the claim is made in good faith, that the supporting data are accurate and *1054 complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable.” 41 U.S.C. §605(c)(l) (Supp. III 1979). Certification is a jurisdictional prerequisite without which this court cannot consider a contract claim arising, as this one indisputably did, after the effective date of the Act. Paul E. Lehman, Inc. v. United States, ante at 11, 16-17, 673 F.2d 352, 355; W. H. Moseley Co. v. United States, ante at 405, 408; Tri-Central, Inc. v. United States, ante at 842, 844. A contracting officer cannot waive this requirement by deciding the case without certification. Lehman, ante at 17, 673 F.2d at 356. This certification must be in the form of a "statement which simultaneously makes all of the assertions required by 41 U.S.C. §605(c)(l).” W. H. Moseley Co. v. United States, ante at 405, 407, 677 F.2d 850, 852, cert. denied, 459 U.S. -(1982).
Plaintiff did not submit any such formal certification. The affidavit accompanying the claim for adjustment is not adequate for this purpose. It does not make an express representation that the claim has been made in good faith nor is it complete. There is no definite declaration as to why the subcontractor’s error occurred or an allegation as to the completeness of the data supporting the amount of the contract adjustment or reformation requested by plaintiff. The certification requirement is to be carefully adhered to (W. H. Moseley Co., supra, ante at 407, 677 F.2d at 852, but it was not in this case.
It is therefore ordered that defendant’s motion for summary judgment is granted and the petition is dismissed.