This is another case concerning the jurisdiction of the court under the Contract Disputes Act of 1978, 41 U.S.C. §§ 601-613 (Supp. IV 1980). The government has moved for summary judgment on the ground that the Act does not cover the claim. We agree.
In 1976, the plaintiff contracted with the Air Force to produce wheel dollies. Several problems arose during the performance of the contract, and in August 1978, the contracting officer terminated the contract for the convenience of the government. Almost a year later, the plaintiff appealed to the Armed Services Board of Contract Appeals ("Board”), seeking adjustments in the contract price. In May of 1980, the complaint before the Board was dismissed without prejudice at the parties’ request in hopes they could negotiate a settlement. The parties could not agree, however.
The same month the plaintiff filed a claim with the contracting officer for $388,388.00. The claim was not certified. In June, the contracting officer issued a decision *898 rejecting most of the claim. A year later, the plaintiff filed its petition here, under the direct access provision of the Act, 41 U.S.C. § 609(a)(1) (Supp. Ill 1979), seeking equitable adjustments of more than $370,000.
Section 10(a)(1) of the Act allows a contractor to appeal a contracting officer’s decision directly to this court. Section 16 provides that the Act applies to contracts entered into after March 1, 1979, and to contracts entered into before the effective date of the Act "with respect to any claim pending then before the contracting officer or initiated thereafter.” 41 U.S.C. § 601 note. Since the plaintiffs contract was entered into before the effective date of the Act (March 1, 1979), the plaintiff, to proceed under the Act, must show that its claim was either pending before the contracting officer on that date, or was filed thereafter.
The contract was terminated in August 1978. The plaintiff never presented its claim to the contracting officer before it appealed to the Board in the summer of 1979. Therefore, no claim was pending before the contracting officer on March 1, 1979, and the plaintiff cannot invoke the provisions of the Act on that ground.
The plaintiff did present its claim to the contracting officer in May 1980. That claim, however, was not certified as section 6(c)(1) of the Act, 41 U.S.C. § 605(c)(1), requires for all claims of more than $50,000. We, therefore, have no jurisdiction over the claim. Skelly & Loy v. United States, ante at 370; Troup Bros. v. United States, ante at 707; W.H. Moseley Co. v. United States, 230 Ct.Cl. 405, 677 F.2d 850, cert. denied, 459 U.S. 836 (1982); Paul E. Lehman, Inc. v. United States, 230 Ct.Cl. 11, 673 F.2d 352 (1982).
The contracting officer’s June 1980 decision told the plaintiff it could proceed under the Act, but this error cannot give us jurisdiction over the claim. It is unfortunate that the contracting officer misused a boilerplate phrase, upon which the plaintiff apparently relied. The government, however, says it has no objection to the plaintiffs refiling its appeal, under the disputes clause of the contract, before the Board and we presume the plaintiff will be allowed to do so.
Accordingly, the government’s motion for summary judgment is granted and the petition is dimissed.