**332**

**A.B.M. PRECISION METAL WORKS, INC., a New York Corporation**

v.

**The UNITED STATES.**

No. 362–82C.

United States Claims Court.

April 26, 1983.

Gary N. Sazer, Great Neck, N.Y., for plaintiff.

Judith E. Cohn, with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## OPINION

MARGOLIS, Judge.

In July 1982, plaintiff A.B.M. Precision Metal Works, Inc. filed a Petition in this Court claiming a sum of not less than $50,-000, together with interest, costs, and attorney's fees. Jurisdiction was asserted pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 601 et seq. (Supp. V 1981). Plaintiff seeks recovery under a contract which was terminated for default by the defendant due to the plaintiff's inability to deliver 300 double tang locks. The plaintiff alleges that the default was caused by the Department of the Navy's failure to supply plaintiff with a critical radius dimension missing from a government blueprint.

The parties have filed cross motions for summary judgment. Plaintiff has also moved for a stay of proceedings in order to obtain a decision from the contracting officer on either a claim for not less than $50,000, or a second claim of $36,750 (the contract price). In the alternative, plaintiff has moved to reduce the ad damnum clause of the Petition to $36,750. Oral argument was heard on April 14, 1983. The defendant's motion for summary judgment based on this Court's lack of jurisdiction is granted.

The defendant asserts that this Court lacks jurisdiction under the Contract Disputes Act of 1978, 41 U.S.C. § 601 et seq. (Supp. V 1981), (Act) because the plaintiff has failed to certify its claim to the contracting officer as required by the Act. Section 605(c)(1) provides in part:

For claims of more than $50,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable. 41 U.S.C. § 605(c)(1) (Supp. V 1981).

Plaintiff's claim for not less than $50,000 triggers the certification requirement. However, plaintiff has failed to certify its claim to the contracting officer, and thus its claim does not fall within the Act which provides plaintiff access to this Court. This Court has consistently held that it does not have jurisdiction under the Act for a claim of $50,000 or more which has not been properly certified in accordance with the Act's requirements. W.H. Moseley Company, Inc. v. United States, 677 F.2d 850 (Ct.Cl. 1982) cert. denied, —— U.S. ——, 103 S.Ct. 81, 74 L.Ed.2d 77 (1982); Paul E. Lehman, Inc. v. United States, 673 F.2d 352 (Ct.Cl. 1982).

Since pursuant to 41 U.S.C. § 611 (Supp. V 1981), interest on amounts found due contractors on claims shall be paid from the date the contracting officer receives the contractor's claim, this Court cannot permit plaintiff to amend its Petition to claim $36,750 and thus reap the benefit of an earlier interest accrual date. Should plaintiff prevail on the merits in this case, the interest accrued could be significantly enhanced depending upon the date from which interest starts to run. See *Essex Electro Engineers, Inc. v. United States,* 702 F.2d 998 (C.A. Fed.1983).

Accordingly, the defendant's motion for summary judgment on the jurisdictional ground is granted, and all other motions are denied. The Petition is to be dismissed by the Clerk.