PALMER & SICARD, INC.

v.

The UNITED STATES.

No. 394–83C.

United States Claims Court.

Feb. 6, 1984.

Alvin S. Nathanson, Boston, Mass., for plaintiff.

Allen C. Peters, Washington, D.C., with whom were Asst. Atty. Gen. J. Paul

McGrath, David M. Cohen, and Sandra P. Spooner, Washington, D.C., for defendant. Howard Goldman, Army Corps of Engineers, Washington, D.C., of counsel.

## OPINION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

WHITE, Senior Judge.

The plaintiff, Palmer & Sicard, Inc., sues to recover from the Government the sum of $127,982.09 allegedly due under government contract DACA 51–79–C–0054 ("the contract").

The complaint was filed on June 16, 1983, under the Contract Disputes Act of 1978 (41 U.S.C. §§ 601–613 (Supp. V 1981)).

On September 6, 1983, the defendant filed a motion to dismiss the complaint on the ground that the court does not have jurisdiction to consider the claim because (according to the defendant) the plaintiff has not properly certified its claim, as required by 41 U.S.C. § 605(c)(1) (Supp. V 1981).

As the parties have submitted a number of documents for the consideration of the court in connection with the defendant's motion, the motion will be treated as a motion for summary judgment.

The case is before the court on the defendant's motion, the plaintiff's response, filed November 1, 1983, and the defendant's reply, filed November 16, 1983.

The pending motion presents two questions for determination by the court: (1) whether it was necessary for the plaintiff to certify its claim under section 605(c)(1), and, if so, (2) whether the claim was properly certified by the plaintiff.

### Necessity for Certification Under Section 605(c)(1)

Section 605(c)(1) of 41 U.S.C. (Supp. V 1981) states in part as follows with respect to the submission by a government contractor of claims to the contracting officer:

> * * * For claims of more than $50,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable.

Under the contract, which was entered into on March 23, 1979, between the plaintiff and the defendant, acting through a contracting officer of the United States Army Corps of Engineers ("the Corps"), the plaintiff was to alter the heating and air conditioning system at the L.G. Hanscom Air Force Base in Bedford, Massachusetts. The Corps issued a notice to proceed with the work on April 17, 1979, and the notice was received by the plaintiff on April 23, 1979.

Subsequently, in accordance with paragraph 18 of the contract, the Corps terminated the contract for the convenience of the Government. The termination became effective on January 29, 1980. Almost 80 percent of the contract had been completed as of the termination date. The termination notice instructed the plaintiff to proceed with the determination and submission of its termination claim.

On June 24, 1980, the defendant paid the plaintiff $54,538.91, which represented a payment estimate with respect to contract performance before the termination date.

After the plaintiff had requested a 90-day time extension for the submission of its termination claim and had been granted a 60-day time extension to March 30, 1981, by the Corps, the plaintiff on March 27, 1981, submitted a claim to the contracting officer in the amount of $128,373.[1] This amount was made up of $19,740 for "settlement expenses," $8,071 for "settlements with subcontractors," and a net of $100,562 ($210,-335 less payments of $55,234 and $54,539)

---

1. It appears that a $390.91 error was made in the plaintiff's initial calculations. The amount of the claim was later reduced to $127,982.09.

allegedly due for work done under the contract before the termination date.

■ It is indisputable that, under section 605(c)(1), all claims in excess of $50,000 must be certified by the contractor upon submission to the contracting officer. *W.M. Schlosser Co., Inc. v. United States,* 705 F.2d 1336, 1338 (Fed.Cir.1983); *Skelly & Loy v. United States,* 231 Ct.Cl. ——, ——, 685 F.2d 414, 416 (1982); *W.H. Moseley Co. v. United States,* 230 Ct.Cl. 405, 407, 677 F.2d 850, 852, *cert. denied,* 459 U.S. 836, 103 S.Ct. 81, 74 L.Ed.2d 77 (1982); *Paul E. Lehman, Inc. v. United States,* 230 Ct.Cl. 11, 13, 673 F.2d 352, 354 (1982). Moreover, certification is a jurisdictional prerequisite to a direct-access action by a government contractor in this court. *W.M. Schlosser Co., Inc. v. United States, supra,* 705 F.2d at 1338; *W.H. Moseley Co. v. United States, supra,* 230 Ct.Cl. at 406, 677 F.2d at 851; *Warchol Construction Co. v. United States,* 2 Cl.Ct. 384, 388 (1983). As stated by the Court of Claims: " * * * Congress has determined that certification is necessary for there to be a valid claim under the [Contract Disputes] Act." *Paul E. Lehman, Inc. v. United States, supra,* 230 Ct.Cl. at 16, 673 F.2d at 356. Consequently, the result of a failure to certify a claim for more than $50,000 is dismissal of the complaint. *Skelly & Loy v. United States, supra,* 231 Ct.Cl. at ——, 685 F.2d at 416; *Fidelity & Deposit Co. of Maryland v. United States,* 2 Cl.Ct. 137, 146 (1983).

■ The plaintiff does not contest any of the legal propositions stated in the preceding paragraph. The plaintiff's primary position simply is that its termination claim was for less than $50,000. According to the plaintiff, the amount which it sought from the contracting officer must be bifurcated into: (1) a pre-termination item representing the payment due under the contract for work completed before the contract was terminated; and (2) a post-termination item of $27,811 ($19,740 for the plaintiff's own termination expenses, plus $8,071 for settlements made with subcontractors). The plaintiff argues that the pre-termination item for work actually done under the contract before the termination was due the plaintiff under the contract and was not a request for a "contract adjustment," within the meaning of that term as used in section 605(c)(1); that the $27,811 item represented the only contract adjustment sought because of the Government's termination of the contract; and that, as the termination claim was for less than $50,000, certification was not necessary.

The plaintiff's argument is without merit. The plaintiff submitted to the contracting officer a single claim in the amount of $128,373. The letter submitting the claim stated in the first sentence that "Our claim in the amount of $128,373 is attached with schedules." Also, in two other paragraphs of the letter, the plaintiff referred to its "claim" in the singular. The pre-termination item was as much a part of the plaintiff's claim as was the post-termination item. The plaintiff sought reimbursement for both items from the contracting officer in a single adjustment of the contract price.

There is no concession of liability by the defendant in the record as to the whole, or any portion, of either the pre-termination or the post-termination item. (The defendant filed the motion to dismiss without having filed an answer to the complaint.) Consequently, both items, in their entirety, are still parts of the plaintiff's single claim for a contract adjustment.

The concept of what constitutes a "claim" in the certification context recently has been clarified by this court. *See Warchol Construction Co. v. United States, supra; Fidelity & Deposit Co. of Maryland v. United States, supra.* The basic conclusion reached in these decisions is that the certification requirement cannot be circumvented by fragmenting one claim into separate parts. That is what the plaintiff is attempting to do in the present case.

Although the plaintiff's demand for reimbursement included both pre-termination and post-termination items, both items arose out of the same "set of operative facts." *See Warchol Construction Co. v. United States, supra,* 2 Cl.Ct. at 389. The plaintiff's entire claim is directly related to

the Government's termination of the contract for its convenience; and the resolution of both the pre-termination and the post-termination items in the plaintiff's claim depends upon what, if any, liability the Government incurred as a result of its action.

As the plaintiff's demand for money allegedly due for work performed under the contract before the termination date was part of the plaintiff's claim against the Government, it is necessary that the amount of such demand be included in determining whether the plaintiff's claim did or did not exceed the $50,000 figure mentioned in section 605(c)(1).

The plaintiff's claim, properly computed, was greatly in excess of $50,000. Accordingly, it was mandatory that the claim be certified in accordance with 41 U.S.C. § 605(c)(1) (Supp. V 1981).

### The Certification

■ The plaintiff contends that, in any event, the claim was properly certified and, therefore, that the court has jurisdiction to consider and dispose of the complaint.

When the plaintiff, on January 7, 1981, requested a 90-day extension of the time for the filing of its termination claim (as stated earlier in the opinion), the plaintiff in the same letter also asked the contracting officer to furnish "information concerning the form and a copy of the certification prescribed by the Contracting Officer, all as set forth in the first sentence of Paragraph 18(c) [of the contract]."

The certification referred to in the plaintiff's letter of January 7, 1981, was one required by section 813 of Public Law 95–485 (the Department of Defense Appropriation Authorization Act, 1979, 92 Stat. 1611, 1624–25). That section provided in part that:

* * * none of the funds authorized to be appropriated for the Department of Defense by this or any other Act shall be used for the purpose of paying any contract claim * * * which exceeds $100,000 unless a senior company official in charge at the plant or location involved has certified * * * that such claim * * * is made in good faith and that the supporting data are accurate and complete to the best of such official's knowledge and belief. * * *

With its response to the plaintiff's letter of January 7, 1981, the Corps enclosed a copy of Form DD 541, which had been prepared for use in certifying claims in excess of $100,000.

When a vice president of the plaintiff submitted the claim in the amount of $128,-373 to the contracting officer on March 27, 1981, the claim was accompanied by the official's certification on Form DD 541. The official certified on Form DD 541 (among other things) that he had "examined this settlement proposal and that, to the best of his knowledge and belief * * * the [contractor's] charges as stated are fair and reasonable," that the subcontractors' "charges are fair and reasonable," and that settlements with subcontractors "were negotiated in good faith."[2] The plaintiff's letter transmitting the claim also included the statement that "All credits and charges are fair and reasonable."

After reviewing the plaintiff's claim, the Corps, in a letter dated November 25, 1981, to the plaintiff's counsel, took the position that the plaintiff's claim had not been properly certified "by a senior company official in charge at the plant or location involved," in accordance with section 813 of Public Law 95–485, and that the claim must also be certified in accordance with the Contract Disputes Act of 1978.

In a further communication to the plaintiff's counsel under the date of December 29, 1981, the Corps again called attention to the plaintiff's failure to certify its claim in

---

**2.** The form DD 541 certification also stated that the "supporting schedules and explanations have been prepared from the books of account and records of the contractor, in accordance with recognized commercial accounting prac-tices," but the plaintiff's letter of submittal stated that the claim had been prepared on the basis of a percentage of contract completion, and not from accounting books and records.

accordance with the Contract Disputes Act of 1978 and section 813 of Public Law 95–485.

No further certification was ever submitted by the plaintiff. It was the plaintiff's position before the Corps (as it is before the court) that the demand for reimbursement with respect to the work completed under the contract before the termination date should be deducted from the total of $128,373 (now $127,982.09) requested by the plaintiff, in determining whether certification was required.

As the contracting officer never rendered a decision on the plaintiff's claim—because of what the contracting officer regarded as a lack of proper certification—the plaintiff filed its complaint with the court on June 16, 1983.

It is not necessary to determine whether the certification submitted by the plaintiff with its claim fully met the requirements of section 813 of Public Law 95–485, because it is clear that the certification did not meet the mandatory requirements of 41 U.S.C. § 605(c)(1) (Supp. V 1981) and, therefore, the claim cannot properly be considered. For example, the plaintiff's certification did not state anywhere that the claim was made "in good faith."

The Court of Claims has said that " * * * to properly certify a claim a contractor must make a statement which simultaneously makes all of the assertions required by 41 U.S.C. § 605(c)(1)" (*W.H. Moseley Co. v. United States, supra,* 230 Ct.Cl. at 407, 677 F.2d at 852); and that " * * * if the 'claim' to the contracting officer is not certified it has not been 'properly submitted,' so the contracting officer does not have authority to issue a decision" (*Skelly & Loy v. United States, supra,* 231 Ct.Cl. at ——, 685 F.2d at 419, footnote omitted).

As the plaintiff in the present case did not properly certify its claim, the contracting officer did not err in failing to render a decision on the claim. Also, as stated earlier in the opinion, this court does not have jurisdiction over uncertified claims in excess of $50,000. *W.M. Schlosser Co., Inc. v. United States, supra,* 705 F.2d at 1338;

*Warchol Construction Co. v. United States, supra,* 2 Cl.Ct. at 388; *Fidelity & Deposit Co. of Maryland v. United States, supra,* 2 Cl.Ct. at 183.

Consequently, it is necessary to dismiss the complaint for lack of jurisdiction. It is believed, however, that the complaint should be dismissed without prejudice, so that the plaintiff may have an opportunity to resubmit its claim to the contracting officer, properly certified. *See W.M. Schlosser Co., Inc. v. United States, supra,* 705 F.2d at 1340; *Skelly & Loy v. United States, supra,* 231 Ct.Cl. at ——, 685 F.2d at 419; *Warchol Construction Co. v. United States, supra,* 2 Cl.Ct. at 393; *Fidelity & Deposit Co. of Maryland v. United States, supra,* 2 Cl.Ct. at 146.

### Conclusion

For the reasons stated in the opinion, the court concludes, upon the basis of the papers submitted by the parties, that there is no genuine issue as to any material fact necessary for the disposition of the case, and that the defendant is entitled to a judgment as a matter of law.

The defendant's motion for summary judgment is therefore granted.

The complaint will be dismissed, but the dismissal will be without prejudice.

IT IS SO ORDERED.