**AERONETICS DIVISION, AAR BROOKS & PERKINS CORP., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 471–86 C.**

United States Claims Court.

April 9, 1987.

Dennis J. Riley, Washington, D.C., for plaintiff, with whom were Robert E. Lieblich and Gary M. Marek, Spriggs, Bode & Hollingsworth, Washington, D.C., of counsel.

George M. Beasley, III, Sr. Trial Counsel, Washington, D.C., attorney of record, with whom were Asst. Atty. Gen. Richard K. Willard and David M. Cohen, Washington, D.C., for defendant.

## DECISION

HORN, Judge.

This case is before the Court on defendant's motion to dismiss the complaint for lack of jurisdiction. Defendant contends that plaintiff, Aeronetics Division, AAR Brooks & Perkins Corp. (Aeronetics), failed to certify its claim in accordance with Section 6(c)(1) of the Contract Disputes Act of 1978, Pub.L. No. 95–563, 92 Stat. 2383, 41 U.S.C. § 605(c)(1). Plaintiff maintains that its certification meets the requirements of the Act and opposes defendant's motion.

For the reasons stated below, defendant's motion to dismiss is hereby granted.

## STATEMENT OF FACTS

The facts giving rise to the pending motion to dismiss are as follows. On November 30, 1982, the United States Army Communications Electronics Command (defendant) awarded Aeronetics a contract to manufacture seven hundred and ten (710) directional gyroscopes to Government drawings and specifications, for a total contract price of $3,451,250. The contract provided that the finished product would be made subject to the defendant's visual inspection.

In its complaint, plaintiff has chronicled a series of events and communications between the parties regarding alleged defects in the specifications for materials to be used in the production. Plaintiff has also alleged certain justifications for plaintiff's delays in the scheduled delivery of completed gyroscopes, including the defendant's suspension of progress payments, plaintiff's suspension of production pending corrective instruction from the defendant after defendant rejected completed gyroscope units for failure to meet the appearance standard, and the defendant's delay in providing corrective measures. The defendant maintains that the specifications for its materials were valid as originally written and alleges that the defects in the completed units resulted from plaintiff's use of unspecified materials and improper techniques in the manufacturing process.

On February 7, 1985, plaintiff submitted its initial cost recovery proposal in the amount of $755,286.93 for excess costs incurred to date to defendant's Administrative Contracting Officer, Joseph Joyce. Plaintiff alleged that the cost recovery proposal related to extraordinary costs, which resulted from the defendant's defective specifications and failure to provide corrective measures, once plaintiff pointed out the failures. Mr. Joyce responded by letter dated February 11, 1985, in which he summarized the procedures specified in the governing Defense Acquisition Regulations (DAR) 7–103.12 for certification and submission of a claim exceeding $50,000. Mr. Joyce's letter advised plaintiff to submit a revised claim to the Procuring Contracting

Officers at "CECOM", United States Army Communication Electronics Command.

Further communication ensued between the parties regarding a revised delivery schedule and the Government's summary rejection of eighty completed gyroscope units for failure to meet the visual inspection standards. On May 30, 1985, plaintiff submitted a revised claim to Mr. Joyce. Plaintiff's claim estimated its defective specification costs to be $2,652,889, assuming the delay continued through December 12, 1985. Plaintiff requested a Final Decision under the Disputes Clause of the contract. Plaintiff's revised submission was signed by Walter R. Warren, Vice President, and concluded with the following statement under the heading labeled "CERTIFICATION":

> To the best of my knowledge and belief, the attached claim is free from fraud or misrepresentation and fairly reflects the amount the Government owes Aeronetics pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 601 et seq.

Plaintiff's revised claim was reviewed by David G. Fieltsch, the Contracting Officer. Mr. Fieltsch issued a Final Decision on July 31, 1985, finding that plaintiff's claim was not entitled to an equitable adjustment. Subsequently, plaintiff filed suit in this Court seeking review of the Contracting Officer's Final Decision and the recovery of damages for a breach of contract or, in the alternative, an upward equitable adjustment in the contract price for the revised amount of $2,839,493, plus interest from May 30, 1985.

The defendant has responded to plaintiff's complaint with a motion to dismiss, arguing that this Court lacks jurisdiction over plaintiff's suit because the amount sought exceeds $50,000 and plaintiff has failed to follow the procedures required to perfect its claim. Defendant argues that since the Court's jurisdiction over claims exceeding $50,000 extends only to certified claims, without certification, jurisdiction is lacking.

**1.** Failure of the contracting officer to issue a decision within the period required will be

## DISCUSSION

General jurisdiction of this Court to render judgment upon any claim arising under the Contract Disputes Act of 1978 (Contract Disputes Act, 41 U.S.C. §§ 601–613) is conferred by 28 U.S.C. § 1491. However, this general jurisdictional provision is subject to certain procedural requirements of the Contract Disputes Act, which may limit the bases upon which jurisdiction must be predicated. For a contract claim to withstand a jurisdictional challenge, such as has been filed with the Court in defendant's motion to dismiss, the procedural requirements of the Contract Disputes Act, as well as of 28 U.S.C. § 1491, must be satisfied. The defendant has argued that because plaintiff has failed to comply with the procedural requirements of the Contract Disputes Act, jurisdiction is lacking in this proceeding.

The Contract Disputes Act requires that all claims by contractors against the Government relating to a contract shall be submitted in writing to a contracting officer. 41 U.S.C. § 605(a). Section 605(c)(1) provides, in pertinent part, that:

> For claims of more than $50,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable. 41 U.S.C. § 605(c)(1).

Section 605(c)(2) provides that the contracting officer shall issue a decision or notify the contractor when the decision will be issued within sixty days if a certified claim exceeds $50,000.[1]

Once the requirements of Section 605 have been met, Section 609(a) of the Contract Disputes Act authorizes contractors to bring actions directly in the Claims Court, notwithstanding any rule of law to the contrary. The jurisdictional authority of Section 609(a), therefore, can only be relied on by a plaintiff who has filed a

deemed to be a decision by the contracting officer. 41 U.S.C. § 605(c)(5).

properly certified claim and who has received a contracting officer's decision, or failed to receive one within sixty days, in accordance with Section 605 of the Act.

The sole issue raised by defendant's motion is whether plaintiff's claim complied with the certification requirement of the statute, so as to confer jurisdiction upon this Court. As pointed out by the defendant, three separate elements are delineated in Section 605(c), the certification provision of the Contract Disputes Act, each being of equal importance. Accordingly, a properly certified claim should include the following attestations by the contractor:

1) that the claim is made in good faith;

2) that the supporting data are accurate and complete to the best of the contractor's knowledge and belief, and

3) that the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable.

■ It is immediately apparent that the portion of plaintiff's submission labeled "CERTIFICATION" does not precisely recite the contractor's compliance with the three statutory elements of a proper certification. There is, however, no requirement to precisely parrot the words of the statute. Nonetheless, the statute cannot be ignored. The statute must be complied with by the contractor clearly and unequivocally, and must simultaneously state all three elements of the required certification. *W.H. Moseley Co. v. United States*, 230 Ct.Cl. 405, 677 F.2d 850 (1982), *cert. denied*, 459 U.S. 836, 103 S.Ct. 81, 74 L.Ed.2d 77 (1982); *Parrino Enterprises v. United States*, 230 Ct.Cl. 1052 (1982).

Firmly established legal principles which confirm the validity of the certification requirement and which were clearly designed by the Congress to make a contractor aware of his responsibility in submitting claims, impose a duty on this Court to strictly construe the certification require-

ment and require that the elements be affirmatively stated. In order to determine whether or not the plaintiff contractor has indeed met the requirements of the statute, it will be necessary to compare each of the three elements of the certification delineated in the statute with plaintiff's submission.

Plaintiff's submitted certification reads as follows:

To the best of my knowledge and belief, the attached claim is free from fraud or misrepresentation and fairly reflects the amount the government owes Aeronetics pursuant to the Contract Disputes Act of 1978, 41 U.S.C. Section 601 et seq.

■ Although plaintiff concedes that its statement does not repeat the literal statutory language of the Contract Disputes Act, it argues nonetheless that its statement satisfies the requirements of the Act on two grounds; first, the claim, as certified, substantively made all three assertions required by the Act, and, second, the statement incorporated the statute by reference.

Comparing the actual statement proffered to the contracting officer by plaintiff with the three representations required by the Act, it appears that plaintiff substituted the words "without fraud or misrepresentation" for the first element which requires the claim to be made in "good faith". Plaintiff's sole support for the substitution of words is to urge the Court to agree with its interpretation of the definition of "good faith" found in Black's Law Dictionary.[2] This argument strikes the Court as little more than an attempt at retroactive self-justification.

For the second element, which requires a contractor to certify that the "supporting data be accurate and complete to the best of the contractor's knowledge and belief", plaintiff concedes that its statement "does not contain any words dealing with this

---

2. Plaintiff also cites the Federal Circuit's decision in *United States v. General Electric Corp.*, 727 F.2d 1567 (Fed.Cir.1984), to justify its argu-

ment, but because the good faith representation was not lacking in that case, this Court fails to

element of the required certification."[3] To overcome the lacking requirement, plaintiff directs the Court to the Government's instruction for submission of the DD Form 633, which notes that "the requirement for submission is met when all accurate cost or pricing data reasonably available to the contractor has been submitted, either actually or by specific identification, to the contracting officer or authorized representative."[4] Plaintiff is suggesting that because it signed the form, which included the accompanying instructions, the required attestation as to the accuracy and completeness of the data submitted by the plaintiff was satisfied.

◼ Plaintiff has misconstrued the certification requirement, which requires a personal statement from plaintiff attesting to the fact that the supporting data which plaintiff filled in on the DD Form 633 are accurate and complete. A contractor should not be allowed to use the DD Form 633 to meet its certification requirement.

For the third element, instead of certifying that the "amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable", plaintiff stated that the "amount fairly reflects what the Government owes." Plaintiff relies on the decision in *United States v. General Electric Corp.*, 727 F.2d 1567 (Fed.Cir.1984), to support the proposition that its statement meets the "substantive requirements" of the certification required by the Contract Disputes Act.

The *General Electric* case, however, cannot be used by plaintiff to rationalize jurisdiction for plaintiff's claim. In the *General Electric* case, the company's certification of the claim did not state the precise language of all three representations required by the Act. However, the certification statement proffered in *General Electric* referenced supporting cost data submitted as part of the claim document and explicitly stated the first two representa-

tions regarding "good faith" and the "accuracy and completeness of the supporting data". The company failed to make only the third assertion regarding the amount claimed. Moreover, the *General Electric* submission substituted the words "we believe we are entitled to an equitable adjustment", and the amount claimed was readily attainable from the referenced supporting cost data. 727 F.2d at 1569. Thus, the Court was able to find that the statement submitted in *General Electric*, when "read in its entirety, including referenced documents", met the statutory requirements of the Act.

The submission made by Aeronetics is not analogous to that made by the plaintiff in *General Electric*. Aeronetics did not properly make the first two important assertions required by the Act, whereas the Court in *General Electric* found plaintiff there properly made those first two assertions. It is clear that the purpose of the Act was to require the claimant to declare good faith and verify accuracy based on personal knowledge, thereby, reducing the likelihood of frivolous claims. Certification plays a serious role in the statutory scheme in that it is designed "to discourage the unwarranted submission of inflated contractor claims". S.Rep. No. 95–1118, 95th Cong. 2d Sess. 1, 8 *reprinted in* 1978 U.S. Code Cong. & Admin.News 5235, 5242; *Skelly and Loy v. United States*, 231 Ct.Cl. 370, 376, n. 11, 685 F.2d 414, 418, n. 11 (1982). Consequently, the first and second elements (the "good faith" and the certification that the supporting data are accurate and complete) constitute the core of the statutory scheme.

It is noteworthy, also, regarding the third element, that even though plaintiff states that "the attached claim is free from fraud or misrepresentation and fairly reflects the amount the Government *owes* Aeronetics...." (emphasis added), plain-

---

see the analogy. (See additional discussion of the *General Electric* case, *infra*.)

**3.** Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, page 5.

**4.** Instructions to DD Form 633, Department of Defense, Contract Pricing Proposal, Item 3. The use of this form as certification is not within the scope of the purposes for which the Government designed this form. See Item 1 of the Instructions.

tiff, in fact, has admittedly submitted a speculative claim. Plaintiff's claim was submitted on May 30, 1985. Nonetheless, the $2,652,889 claim is based on an assumption that the delay would continue through December 12, 1985.

Plaintiff also argues that the last phrase of its statement, which conveys that the representations were being made "pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 601, *et seq.*", acknowledges its acceptance of the statutory requirements, and that its incorporation of the statute by reference in that same statement, should be sufficient to meet those requirements. If the Court were to allow a general reference to the entire Contract Disputes Act, included in instructions given to the contractor, to be substituted for a statutory requirement that a contractor make specific, personal affirmations regarding the accuracy of data provided to the Government, the certification process would be meaningless. Neither will the Court consider plaintiff's reliance on the use of the phrase "pursuant to", since that was merely an acknowledgement of the basis for making the statement.

In fact, the Court need not reach the question of whether plaintiff's substituted statements for the first and third elements of the Act are acceptable representations of those elements, since plaintiff's complete omission of the second element invalidates the entire statement as a proper certification. Specifically, the Court finds that plaintiff's reliance on the instructions for the submission of the DD Form 633, to meet the requirement that the contractor submit a statement certifying that the supporting data underlying the contractor's claim be accurate and complete, falls far short of the requirements of the second element in Section 605(c)(1) of the Contract Disputes Act. The instructions on DD Form 633 were prepared by defendant, while the certification requires attestations by the plaintiff.

It is well settled in decisions of the Court of Appeals for the Federal Circuit, the Court of Claims and the United States Claims Court that proper certification in accordance with the Contract Disputes Act is a jurisdictional prerequisite in order for the Claims Court to review the merits of a contractor's claim against the United States Government. *Fidelity Construction Co. v. United States,* 700 F.2d 1379, 1384 (Fed.Cir.1983), *cert. denied,* 464 U.S. 826, 104 S.Ct. 97, 78 L.Ed.2d 103 (1983); *Essex Electro Engineers, Inc. v. United States,* 702 F.2d 998, 1004 (Fed.Cir.1983); *Paul E. Lehman, Inc. v. United States,* 230 Ct.Cl. 11, 16, 673 F.2d 352, 353 (1982) (unless a claim has been properly certified, it cannot be considered under the statute); *Skelly & Loy v. United States,* 231 Ct.Cl. 370, 376 (1982), 685 F.2d 414, 418 (1982) (failure to certify requires dimissal of the entire case); *W.H. Moseley Co. v. United States,* 230 Ct.Cl. 405, 408, 677 F.2d 850, 852 (1982), *cert. denied,* 459 U.S. 836, 103 S.Ct. 81, 74 L.Ed.2d 77 (1982) (requirement of certification is jurisdictional for the Court of Claims); *Fredenburg v. United States,* 10 Cl.Ct. 216 (1986); *T.J.D. Services, Inc. v. United States,* 6 Cl.Ct. 257 (1984); *Conoc Construction Corp. v. United States,* 3 Cl.Ct. 146 (1983).

The Court is persuaded that the Contract Disputes Act does not require it to engage in an extraordinary exercise in semantics, to analyze the plaintiff's statement to determine if it met the requirements of the Act. At best, plaintiff is requesting the Court to construct the certification from similar phrases and supporting documents. It is not sufficient for plaintiff to make implicit representations of the assertions required by the Act. Plaintiff has offered only miniscule support to buttress its argument that it has met the certification requirements by relying on the similarity of meaning announced by Black's Law Dictionary and on the preparation instructions included with a Government form.

 As a final point, plaintiff suggested that because the contracting officer acted on its submission, the defects are deemed cured. The rendition of a final decision on the merits by the Government's contracting officer, however, does not render valid an otherwise invalid certification required by

**138**

the Act for jurisdiction. *Moseley, supra,* 230 Ct.Cl. at 407, 677 F.2d at 852 (a contracting officer can neither waive the requirement nor determine with finality the validity of a certification); *Fidelity Construction Co., supra* (for purposes of the Contract Disputes Act, the effect of submission of an uncertified claim is a legal nullity); *W.M. Schlosser Co. v. United States,* 705 F.2d 1336, 1338 (Fed.Cir.1983) (the contracting officer has no authority to waive a requirement that Congress imposed).

■ As an alternative to dismissal, plaintiff has suggested in its "Reply Memorandum in Opposition to the Government's Motion to Dismiss" and at oral argument, that this Court should stay judicial proceedings to allow it time to correct any jurisdictional defect. Presumably, plaintiff now intends to submit a properly certified claim to the contracting officer. Since this Court lacks jurisdiction, plaintiff's retroactive filing of a properly certified claim after judicial proceedings have been instituted is ineffective under the Contract Disputes Act and will not cure an original failure to properly certify the claim which is now before the Court. *W.M. Schlosser Co. Inc., supra; Prefab Products, Inc. v. United States,* 9

Cl.Ct. 786 (1986). The plaintiff must submit a properly certified claim to the contracting officer and a decision must be rendered before this Court can preside over the contract dispute.

Based on the above discussion, this Court finds plaintiff's certification insufficient to meet the strict requirements of the Contract Disputes Act. This Court, therefore, must find that it lacks jurisdiction to entertain the case. This Court has no authority to grant plaintiff's request for a stay. Plaintiff is not without relief, however, as it now has the option of resubmitting a properly certified claim to the contracting officer. Upon proper certification, plaintiff also retains the option to refile its claim in this Court or to appeal to the Board of Contract Appeals.

For the reasons stated above, the Government's motion for dismissal is granted. The Clerk is directed to enter judgment accordingly.