932 F.2d 981
 37 Cont.Cas.Fed. (CCH) 76,121
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
RELIANCE INSURANCE COMPANY, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 91-5013.
 United States Court of Appeals, Federal Circuit.
 April 26, 1991.
 
 Before MAYER, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 LOURIE, Circuit Judge.
 
 DECISION
 
 1
 Reliance Insurance Company (Reliance) appeals from an order of the United States Claims Court, No. 198-89C, dismissing Reliance's complaint for failure to submit a properly certified claim of more than $50,000 as required by the Contract Disputes Act (Act), 41 U.S.C. Sec. 605(c)(1) (1988). We affirm.
 
 DISCUSSION
 
 2
 On April 18, 1988, Reliance submitted a claim in the form of a letter to a contracting officer requesting a total of $111,650.50 plus interest, in two principal amounts ($74,719.00 and $36,931.50), for breach of contract damages against the United States Corps of Engineers. The letter was signed by an assistant bond manager for Reliance and notarized.* The contracting officer refused to take action on Reliance's claim because it failed to timely appeal to the Board of Contract Appeals an adverse judgment on a claim by the government, pursuant to 48 C.F.R. Sec. 33.211(v) (1989).
 
 
 3
 Reliance thereafter brought an action against the government in the Claims Court, pursuant to 41 U.S.C. Sec. 609(a)(1). After a year of proceedings, the government filed a motion to dismiss, urging that Reliance had not properly certified its claim to the contracting officer for an initial decision as required by the Contract Disputes Act, 41 U.S.C. Sec. 605(c)(1). That provision states:
 
 
 4
 For claims of more than $50,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable.
 
 
 5
 41 U.S.C. Sec. 605(c)(1).
 
 
 6
 The Claims Court granted the government's motion and held that the "bare bones statement" in Reliance's letter ("I HEREBY CERTIFY that the claims are true to the best of my knowledge and belief") did not constitute a sufficient certification under 41 U.S.C. Sec. 605(c)(1). The court stated that certification must be in the form of a statement that simultaneously makes all the assertions required by Sec. 605(c)(1), citing W.H. Moseley Co., Inc. v. United States, 677 F.2d 850, 852 (Ct.Cl.1982), cert. denied, 459 U.S. 836 (1982).
 
 
 7
 While the Claims Court mistakenly relies on Moseley for the proposition that the contractor must satisfy in a single sentence all the requirements of section 605(c)(1), we agree with the court that Reliance did fail to comply with the Contract Disputes Act. We therefore affirm.
 
 
 8
 In Moseley, the contractor asserted that a collection of documents and communications over a period of time between it and the government, taken as a whole, amounted to certification. Our predecessor court held in that case that such a communication was not enough, that to properly certify a claim, the contractor must satisfy the three requirements in a simultaneous statement. However, even if we construe Reliance's two-page letter as a simultaneous statement, the letter did not meet the necessary elements of the statute to constitute a properly certified claim.
 
 
 9
 The first element of the statute requires a contractor to assert that its claim is made in "good faith." The first paragraph of Reliance's claim reads as follows: "On behalf of Reliance Insurance Company, and in good faith, I request a final decision on the following matters raised in this certified claim...." This element was thus satisfied.
 
 
 10
 However, the second assertion of the statute requires a contractor to certify that the "supporting data be accurate and complete to the best of the contractor's knowledge and belief." Reliance's letter lists two principal amounts, $74,719.00 and $36,931.50, with a pay sheet attached from which the first principal amount was derived. Reliance did not attest that the supporting data for these costs were accurate and complete. In fact, Reliance provided no supporting data for the $36,931.50.
 
 
 11
 Reliance argues that the second requirement was met by its sworn statement that the claims are true, the word "true" being synonymous with the statutory word "accurate." However, the Act requires that the supporting data be accurate and complete. This ensures that contractors deal honestly with the government and only request payments to which they are entitled. See Paul E. Lehman, Inc. v. United States, 673 F.2d 352, 354-55 (Fed.Cir.1982). While it is not necessary to parrot every word of the statute, nonetheless, the strict requirements of the statute must be clearly and unequivocally complied with by the contractor. Here, there was no statement that the supporting data were accurate and complete.
 
 
 12
 Finally, Reliance asserts that the third requirement of the statute was met, since the claim accurately reflected the contract adjustment to which Reliance believed it was entitled, notwithstanding the missing statutory language.
 
 
 13
 In support of its assertions, Reliance cites United States v. General Electric Corp., 727 F.2d 1567 (Fed.Cir.1984), for the position that a contractor substantially complies with the certification requirements of the statute on the basis of an entire document. In General Electric, the contractor had explicitly certified that its claim was made in "good faith" and "that the supporting data are accurate and complete to the best of his knowledge and belief." At issue was the absence of the words "that the amount requested accurately reflects the contract adjustment for which the contractor believes the government liable." General Electric, 727 F.2d at 1569. The court held that the claim, together with its supporting documents, satisfied the statutory requirements of the Act. Id.
 
 
 14
 In contrast, Reliance's position is weaker than General Electric's, because its letter is entirely devoid of any language dealing with either the second or the third provisions of Sec. 605(c)(1). Lacking in Reliance's letter and submission were anything comparable to what was submitted in General Electric. The opinion in that case recited the following documentation, which it concluded constituted substantial compliance with the statute:
 
 
 15
 The November 13, 1979 statement began with the words "Claim for Payments ..."; listed the contracts for which IR & D and B & P costs were sought; made reference to other correspondence; enclosed a statement of the overceiling costs for 1978 and 1979 allocable to the subject contracts; and set forth that pursuant to the Contract Disputes Act of 1978, contractor requested a final decision from the contracting officer regarding the claim; that the cost comprised what was generally described as overceiling IR & D and B & P costs allocable to FMS engines and enclosed a summary of the costs sought; that the claim was made in accordance with the contractual agreement which provided for an equitable adjustment by reason of the DOD policy change; that it believed it was entitled to the adjustment; it certified the claim was made in good faith and the supporting data was accurate and complete to the best of signer's knowledge and belief.
 
 
 16
 Id. at 1569. Reliance's case is not comparable, because in addition to the lack of both the second and third statements required by the statute, its letter was not accompanied by the various documents and statements present in General Electric.
 
 
 17
 The requirement for certification was enacted in 1978 for the purpose of ensuring integrity in the processing of contractor claims against the government. As our predecessor court quoted:
 
 
 18
 [P]rior to evaluation of any claim, the contractor must submit to the Government a certificate signed by a senior responsible contractor official, which states that the claim and its supporting data are current, complete and accurate. In other words you put the contractor in the same position as our working man, the income taxpayer who must certify his tax return....
 
 
 19
 Lehman, 673 F.2d at 355 (quoting Contract Disputes Act of 1978: Joint Hearings on S.2292, S.2787 & S.3178 Before the Subcomm. on Federal Spending Practices and Open Government of the Senate Comm. on Governmental Affairs and the Subcomm. on Citizens and Shareholders Rights and Remedies of the Senate Comm. on the Judiciary, 95th Cong., 2d Sess. 21 (1978) (statement by Admiral Rickover regarding certification)).
 
 
 20
 Thus, proper certification is a necessary prerequisite to the consideration of any claim. The strict requirements of the statute are easy to follow and we are unwilling to facilitate the erosion of the statute by stretching to find compliance when it has not occurred. Reliance failed to properly certify its claim to the contracting officer; therefore, the decision of the Claims Court to dismiss Reliance's claim for lack of jurisdiction is affirmed.
 
 
 
 *
 The Claims Court did not address whether an assistant bond manager is permitted to certify a claim, pursuant to 48 C.F.R. Sec. 33.207 (1990). Because we agree with the court's dismissal on other grounds, we too do not address this issue