**AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO as Trustee under Trust No. 60259, and Chung Hwe Park, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 656–89C.**

United States Claims Court.

May 30, 1990.

George B. Collins, Chicago, Ill., for plaintiffs.

Gerald J. Robinson, U.S. Postal Service, Washington, D.C., for defendant.

## OPINION

SMITH, Chief Judge.

This case is before the court on defendant's Motion to Dismiss for lack of jurisdiction. Because the claim is brought under the Contract Disputes Act, and because plaintiff has not met the jurisdictional prerequisite of filing a properly certified claim with the contracting officer, defendant's motion is granted.

## FACTS [1]

Plaintiff American National Bank & Trust Co. is the trustee of a land trust holding legal title to a small shopping mall in a northwestern suburb of Chicago. Plaintiff Chung Hwe Park is the beneficiary of the trust. On December 28, 1985, plaintiffs entered into a lease with the United States Postal Service for a twenty-four month term expiring on December 31, 1987; the lease term subsequently was extended through December 31, 1988. Extensive remodelling was done to make the premises suitable for use as a post office.

On October 7, 1988, Mr. Park notified the Postal Service in writing of his understanding that the Service intended to abandon the space, and advised the Service that it could fulfill its contractual obligation to return the premises to their original condition by hiring its own contractor or by reimbursing plaintiff for the cost of removing the Service's installations. The Service vacated the premises on October 15, 1988 without responding to plaintiff's letter. Plaintiff contracted to have the premises restored to their original condition at a cost asserted to be $55,343. In addition to seeking reimbursement in this amount, plaintiffs also claim they are owed rent for November and December 1988.

By letter dated November 9, 1988, the Service notified Mr. Park that although the Service had vacated the premises, its lease ran through the end of 1988 and it was continuing to pay rent. The letter further explained the Service's position that Mr. Park violated the Service's exclusive right to possession by entering and restoring the space.[2]

On February 24, 1989, plaintiffs submitted a "Certified Notice of Claim" to the contracting officer, noting that this differed from their earlier correspondence in that it was certified pursuant to the Contract Disputes Act (CDA), 41 U.S.C. § 605(c)(1) (1988). In consideration of the "final decision" earlier rendered denying their claim, plaintiffs filed this action on December 4, 1989. Defendant moved to dismiss on the ground that because the claim was not properly certified to the contracting officer, this court is without jurisdiction and must dismiss the complaint.

## DISCUSSION

The primary basis for defendant's motion is its assertion that the certifying language did not substantially comport with the statutory requirements. Defendant also points out that to the extent a final decision was rendered, it was issued in response to correspondence that plaintiff admits was not a certified claim. Plaintiffs contend that their certification met the legal standard and that notions of fair play and justice require greater liberality than the strict adherence to the certification requirement urged by defendant.

■ It is well established that proper certification to the contracting officer is a prerequisite for this court's jurisdiction to

---

1. The statement of the facts has been drawn from the complaint. Any discrepancy between the plaintiffs' factual assertions and those made by defendant in its Motion to Dismiss have been resolved in favor of plaintiffs, for the purpose of resolving the instant motion.

2. The court does not have the advantage of a copy of the entire letter because plaintiff provided only the first page in the appendix to its complaint and as an exhibit to its response to the motion to dismiss. Plaintiffs characterize this letter as the contracting officer's final decision, and claim to have received it on December 8, 1988. Defendant, in its motion, explains that the November 8 letter was part of on-going correspondence, and that what the contracting officer termed his final decision was rendered on December 5, 1988.

hear a claim for over $50,000 under the CDA. *See, e.g., Fidelity Constr. Co. v. United States,* 700 F.2d 1379 (Fed.Cir.), *cert. denied,* 464 U.S. 826, 104 S.Ct. 97, 78 L.Ed.2d 103 (1983). There are several reasons an otherwise properly "certified claim" may be deemed inadequate. The defects may go to an inadequacy in the claim itself, such as failure to state the sum sought or failure to request a final decision from the contracting officer. In other cases, the defects may go to the certification, such as attempted certification by a person not authorized by regulation. *See further Ball, Ball & Brosamer v. United States,* 878 F.2d 1426 (Fed.Cir. 1989); *Triax Co. v. United States,* 20 Cl.Ct. 507 (1990).

The issue in the instant case addresses the adequacy of the certification; more particularly, the question is whether the certifying language in plaintiffs' "Certified Notice of Claim" substantially comports with the requirements of the CDA. The governing legal principle was set forth by the Court of Claims:

> Certification requires that the contractor certify that (a) the claim is made in good faith, (b) the supporting data are accurate and complete to the best of his knowledge and belief, and (c) the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable. Because of the significant role certification plays in the statutory scheme, we hold that to properly certify a claim a contractor must make a statement which simultaneously makes all of the assertions required by 41 U.S.C. § 605(c)(1).

*W.H. Moseley Co. v. United States,* 230 Ct.Cl. 405, 407, 677 F.2d 850, *cert. denied,* 459 U.S. 836, 103 S.Ct. 81, 74 L.Ed.2d 77 (1982). *See also Technassociates v. United States,* 14 Cl.Ct. 200 (1988); *Aeronetics Div., AAR Brooks & Perkins Corp. v. United States,* 12 Cl.Ct. 132 (1987).

■ In this case, plaintiffs' "Certified Notice of Claim" briefly recites what purport to be the Service's breaches and the attendant damages, and concludes as follows:

> Although previous notices of this claim have been given to Lessee, those notices have not been certified. Since this claim is for an <u>amount in excess of $50,000,</u> it is made as a certified claim pursuant to the <u>Contract Dispute Act, Title 41, United States Code, Section 605(c)(1).</u>
>
> The undersigned does hereby certify that the above and foregoing claim is true and correct in substance and in fact.

(Underscoring in copy filed with the court.) No supporting documents were attached to the "claim."

Defendant argues that this statement does not satisfy any of the three parts needed for a valid certification: it does not assert that it is made in good faith, it is not accompanied by supporting data (and therefore cannot and does not attest to the accuracy of supporting data), and does not represent that it "accurately reflects the contract adjustment for which the contractor believes the government is liable," *Moseley, supra.*

Plaintiffs respond that a claim need not "parrot" the words of the statute, nor must a claim be submitted in any particular form or use any particular wording, citing *Aeronetics,* 12 Cl.Ct. at 135 and *Contract Cleaning Maintenance v. United States,* 811 F.2d 586, 592 (Fed.Cir.1987). Rather, plaintiffs claim, these cases and *Tecom v. United States,* 732 F.2d 935, 936–37 (Fed. Cir.1984) and *Metric Constr. Co. v. United States,* 14 Cl.Ct. 177, 179 (1988) stand for the proposition that "[a]ll that is required is that the contractor submit in writing to the contracting officer a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim." *Contract Cleaning Maintenance,* 811 F.2d at 592. Plaintiffs, however, do not indicate how the "certifying" language in this case fulfills each of the three assertions required by statute.

Plaintiffs confuse the requirements of a claim with the requirements of valid certification. For example, in *Contract Cleaning Maintenance,* defendant claimed a series of letters did not constitute a claim

because they did not "contain the requisite demand for payment as a matter of right." The Federal Circuit agreed with the trial judge that the letters in fact did constitute a valid claim; whether it was properly certified was not an issue. Similarly, in *Metric Constr. Co.* the issue was whether the "claim" sufficiently stated a sum-certain for the purpose of the CDA. Once again, whether it was properly certified was not an issue.

Moreover, the case cited by plaintiffs in which certification *was* an issue does more harm to plaintiffs' cause than good. Although the court in *Aeronetics* stated that "[t]here is no requirement to precisely parrot the words of the statute," 12 Cl.Ct. at 135, it rejected plaintiff's argument that its "certification" made the three required assertions in substance as well as by incorporating the statute by reference. The "certification" in that case read as follows:

> To the best of my knowledge and belief, the attached claim is free from fraud or misrepresentation and fairly reflects the amount the government owes Aeronetics pursuant to the Contract Disputes Act....

*Id.* In dismissing the case, the court noted that the claimant is "required to declare good faith and verify accuracy based on personal knowledge ...," *id.* at 136, adding, "[i]t is not sufficient for plaintiff to make implicit representations of the assertions required by the [CDA]." *Id.* at 137.

■ Plaintiffs also remind the court that the contracting officer did not reject the claim as uncertified, indicating that this is of some moment by citing *Cedar Lumber v. United States*, 799 F.2d 743 (Fed.Cir. 1986). In that case, as plaintiffs point out, the appellate court noted "that the contracting officer who considered the claims on the merits expressed no doubt about proper certification." *Id.* at 745. This is unpersuasive for at least two reasons. First, although Senior Judge Bennett, writing for the panel, stated it rejected the board's determination that the claims had not been certified, he stressed the lack of discussion on this point in the board's decision. In issuing its instruction for further proceedings on remand, the court made it clear that it had not affirmatively decided the issue of certification: "What we do decide is that the board should have the opportunity to determine the appeal to it on the merits, *assuming proper claim certification,* by resolving the fact issue of whether the roads had been reasonably completed...." *Id.* (emphasis supplied)

Second, and more to the point, substantial precedent of the Court of Claims and of the Federal Circuit directly addresses whether a contracting officer can waive the certification requirement. The point was clearly made by the Court of Claims: "The contracting officer ... ha[s] no authority to waive a requirement that Congress imposed." *Paul E. Lehman, Inc. v. United States*, 230 Ct.Cl. 11, 17, 673 F.2d 352 (1982) (citing *M–R–S Mfg. Co. v. United States*, 203 Ct.Cl. 551, 561–62, 492 F.2d 835 (1974)). This ruling consistently has been reiterated. *See, e.g., Skelly & Loy v. United States*, 231 Ct.Cl. 370, 685 F.2d 414 (1982); *W.M. Schlosser Co. v. United States*, 705 F.2d 1336 (Fed.Cir.1983); *United States v. Turner*, 827 F.2d 1554, 1560 (Fed.Cir.1987).

In their last attempt at persuading the court that the law permits, if not requires, a more liberal reading of the certification requirement, plaintiff cites *United States v. General Electric Co.*, 727 F.2d 1567, 1569 (Fed.Cir.1984), wherein the court agreed with plaintiff that the "government's position is formalistic." Unlike the "certification" in the instant case, however, General Electric had certified that the claim was made in good faith and that the supporting data were accurate and complete to the best of the signer's knowledge and belief. At issue was the absence of the words, "the amount requested accurately reflects the contract adjustments for which the contractor believes the government is liable." The Federal Circuit held that the claim, taken together with the supporting documents, substantially complied with the statute. In contrast, plaintiffs here have not provided *any* of the three certification elements.

**534**

Finally, plaintiffs ask the court to recognize that "very few American lawyers are familiar with the Governmental claim process." Plaintiffs state that "unsophisticated lawyers out in the United States, away from Washington, have few cases that would require 'Court of Claims' [sic] experience." Plaintiffs further argue that such attorneys

> make the mistake of presuming a code pleading approach to a pleadings problem. But, each lawyer who comes away from such an encounter as this with the firm opinion that this Court is a trap for the unwary and not a court that can hold either way is one more person disaffected from the Government's high purposes.

■ A great deal could be said about plaintiffs' failure to understand the nature of defendant's motion to dismiss. The issue is not one of adequacy of pleading or of compliance with a merely technical requirement. A great deal also could be said about the national scope of this court, of its widespread bar, and of the success of counsel from points as geographically distanced from Washington, D.C. as Alaska and Hawaii, not to mention litigants from the four corners of the globe. Such discussions, however, are unnecessary. Even if there was validity to such arguments in some cases, this is not one of those cases. Clause 13(d) of the lease itself sets out the requirements for a certified claim; neither plaintiffs nor their counsel, therefore, needed any particular familiarity with suits against the government, with procedure before this court, or, for that matter, with the CDA.

### CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted. The Clerk of the Court is directed to dismiss the complaint.