ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Petition of -- | ) |
| | ) |
| Tokyo Company | ) ASBCA No. 59709-953 |
| | ) |
| Under Contract No. W90U3Z-08-M-8031 | ) |

APPEARANCE FOR THE PETITIONER:      Mr. Beniamen Monadhil
         Owner/General Manager

APPEARANCES FOR THE GOVERNMENT:      Raymond M. Saunders, Esq.
         Army Chief Trial Attorney
         CPT Melvin A. Lee, JA
         Trial Attorney

## ORDER PURSUANT TO BOARD RULE 1(a)(5) DIRECTING CONTRACTING OFFICER TO ISSUE DECISION

Pursuant to Board Rule 1(a)(5), Tokyo Company petitions the Board to direct the contracting officer (CO) to issue a decision on its 12 May 2014 claim. In response, the government requests that it not be ordered to do so, asserting it already has issued a final decision. The government also argues petitioner lacks privity of contract and thus a new final decision is not warranted.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE PETITION

1. By email dated 27 November 2014, Tokyo Company filed the instant petition, stating the CO "does not send me his decision on this case," and listing several dates that petitioner's owner, Mr. Beniamen Monadhil, purportedly sent emails to named individuals at the Reachback Contracting Command at Rock Island, Illinois. Petitioner listed dates from 8 May 2014 to 11 November 2014, and indicated he received a response from only one inquiry, dated 14 May 2014. Petitioner's email request to the Board contained numerous attachments, including what appears to be a contract and modifications, a 15 February 2010 invoice for $920,602, and a signed claim certification dated 9 May 2014.

2. By Order dated 3 December 2014, the Board directed the government to show cause why an order directing the CO to issue a final decision should not be issued or indicate when a decision would be issued.

3. The government responded by letter dated 22 January 2015, requesting that it not be ordered to produce a new CO's final decision in this matter because a

decision has already been issued by the CO on 11 September 2013 and attached a copy of the decision. Further, the government argued that

> [T]he government has serious doubts that a contract ever existed with the petitioner. A review of the government's contract retrieval and archival system shows that the subject contract was awarded, terminated, and closed out with an entirely separate company. There is no documentation within this system showing that the petitioner was awarded the subject contract or performed any work on the contract.... Since petitioner is not a contractor as defined by the CDA and lacks privity of contract with the government, a new contracting officer's final decision on this matter is not warranted.

4. By Order dated 27 January 2015, the Board informed the government that the final decision dated 11 September 2013 was the subject of ASBCA No. 59059, which was dismissed by the Board on 23 April 2014 for Tokyo Company's failure to properly sign or execute its claim certification in accordance with the requirement of FAR 33.207(e). *Tokyo Company*, ASBCA No. 59059, 14-1 BCA ¶ 35,590. The Board pointed out that "[i]t appears from the current record that petitioner is seeking a final decision on a different claim than the one at issue in ASBCA No. 59059."

5. The Board further stated in the 27 January 2015 Order, it was unclear which documents attached to petitioner's 27 November 2014 email constituted the claim, whether the 9 May 2014 certification related to any particular claim, or if the certification or any claim was submitted to a CO. Petitioner was directed to provide: (1) a copy of the claim documents that it submitted to the CO, including any certification; (2) evidence that the claim and any certification were actually submitted to a CO; and (3) evidence of the date of claim submittal.

6. By email dated 28 January 2015, petitioner responded to the 27 January 2015 Order with the following:

> On 12 May 2014, Tokyo [C]ompany has submitted its claim as well as the signed Certification of Claims to the Contracting Officer, Andrea Kalb, Branch C Chief, Global Reachback Contracting Division, Army Contracting Command - Rock Island, CCRC-RC. She replied on 14 May 2014 stating that "I have received your request." Copies of these e-mails are attached with this letter. After that we sent her several e-mails in different dates to remind her about our request because we did not receive any

2

update[.] Copies of these e-mails are also attached with this letter.

7. Petitioner's documents indicate that on 12 May 2014, Mr. Monadhil submitted a claim via email to the CO, Andrea Kalb, Branch C Chief, Global Reachback Contracting Division, Army Contracting Command – Rock Island Arsenal, Illinois, stating, "The ASBCA has dismissed our appeal...the ASBCA lacks the jurisdiction because my claim certification lacks the required signature." Mr. Monadhil's 12 May 2014 correspondence included several attachments, listed seriatim in his cover email. These included a contract (no. 6), a 15 February 2010 invoice for payment of $920,602 (no. 7), and a signed claim certification dated 9 May 2014 (no. 12). In the last paragraph of his email, Mr. Monadhil appears to be asking the CO to reconsider her original decision because of what he calls "these new evidences and proofs."

8. By email dated 14 May 2014, the CO responded to petitioner with the following:

> I have received your request. Please stop bombarding me with emails. I have 220,000 contracts to manage. Your actions are only making your case worse. I will review your information again. However, it is unlikely I will overturn a Contracting Officer decision.

9. By email dated 4 June 2014, petitioner sent another email to the CO, which read:

> Ma'am,
> I just talked to you by phone, you advised me to go to ASBCA, but in order to do that, I need you to provide me with new final decision about this case, so I can submit my appeal on this final decision to ASBCA. I am waiting for your reply. Thanks.

10. Petitioner provided copies of additional emails sent to the CO dated 21 August 2014, 5 November 2014, 6 November 2014, 7 November 2014, 10 November 2014 and 11 November 2014 requesting a response. There is no indication petitioner received anything further from the CO.

11. In lieu of appealing from a deemed denial of its claim (41 U.S.C. § 7103(f)(5)), by email dated 27 November 2014, petitioner filed the instant petition before us pursuant to 41 U.S.C. § 7103(f)(4) and Board Rule 1(a)(5).

3

When a CO receives a certified claim over $100,000, the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, requires that within sixty days of receipt of the claim, the CO shall either (a) issue a decision or (b) notify the contractor of the time within which a decision will be issued. 41 U.S.C. § 7103(f)(2). In this instance, the CO acknowledged receipt of petitioner's documents by email dated 14 May 2014 (SOF ¶ 8). To date, the CO has not issued a final decision on the 12 May 2014 claim.

The government now argues it should not have to issue another final decision because it issued one dated 11 September 2013. Additionally, the government argues it should not have to issue a final decision because Tokyo Company is not in privity of contract with the government. (SOF ¶ 3)

At the outset, we note the 11 September 2013 final decision in ASBCA No. 59059 was dismissed by the Board on 23 April 2014 because Tokyo Company failed to "properly sign or execute its claim certification in accordance with the requirement of FAR 33.207(e)" (SOF ¶ 4). *Tokyo Company*, 14-1 BCA ¶ 35,590 at 174,392. There, we held the lack of a signature on a certification is not a defect that can be cured under FAR 33.201, and the fact that the CO rendered a decision on the Tokyo Claim is inconsequential, citing *Paul E. Lehman, Inc. v. United States*, 673 F.2d 352, 356 (Ct. Cl. 1982), wherein the court stated, "The contracting officer...had no authority to waive a [certification] requirement that Congress imposed." The government should not be allowed to rely on a previous CO decision found to be inconsequential based on a jurisdictional defect to avoid issuing a decision now that the jurisdictional defect has been corrected.

The government also argues that it should not have to issue a decision on what appears to be a properly certified claim because "the government has serious doubts that a contract ever existed with the petitioner." The government goes on, "Since petitioner is not a contractor as defined by the CDA and lacks privity of contract with the government," it should not be ordered to issue a new final decision. (SOF ¶ 3)

The government is confusing the merits of petitioner's claim with the CO's obligation to issue a decision. On 12 May 2014, petitioner submitted a properly certified claim to the CO (SOF ¶ 7). According to the CDA, 41 U.S.C. § 7103(d), the CO "shall issue a decision in writing and shall mail or otherwise furnish a copy of the decision to the contractor." The government's argument that it doubts the validity of Petitioner's alleged contract and should be entitled to refuse to issue a final decision ignores the decisions by the Board and courts that hold a contractor initially need only plead a valid contract, not prove it. "[T]he law is clear that, [for us] to have jurisdiction, a valid contract must only be pleaded, not ultimately proven." *Dongbuk R&U Engineering Co.*, ASBCA No. 58300, 13 BCA ¶ 35,389 at 173,637 (quoting

4

*Total Medical Mgmt, Inc. v. United States*, 104 F.3d 1314, 1319 (Fed. Cir.), *cert, denied*, 522 U.S. 857 (1997)); *accord Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1353 (Fed. Cir. 2011); *Lewis v. United States*, 70 F.3d 597, 602, 604 (Fed. Cir. 1995); *Gould, Inc. v. United States*, 67 F.3d 925, 929-30 (Fed. Cir. 1995). Tokyo Company has made a non-frivolous, assertion of an express contract with the government, and has provided copies of the alleged contract to the CO. The government's contention—that the government does not believe that a contract existed with this petitioner—is a challenge to the merits of the claim. As such, the CO may so state in her final decision if she decides to deny the claim. At this stage in the proceedings we do not decide the merits of petitioner's claim. *See, e.g., Ironhorse Ltd.*, ASBCA No. 56455-920, 09-1 BCA ¶ 34,096 at 168,591.

## CONCLUSION

For the reasons stated we direct the CO, pursuant to 41 U.S.C. § 7103(f)(4), to issue a decision no later than 30 days from the date of this decision.

This Order completes all necessary action by the Board. If the CO fails to comply with this Order, such failure will be deemed a decision by the CO denying the claim and the contractor may appeal to this Board or sue in the United States Court of Federal Claims pursuant to 41 U.S.C. § 7103(f)(5) or § 7104.

Dated: 12 February 2015

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

PETER D. TING
Administrative Judge
Armed Services Board
of Contract Appeals

5

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59709-953, Petition of Tokyo Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
