ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Wright Brothers, the Building Company, | )  ASBCA No. 62285 |
| Eagle LLC | ) |
| | ) |
| Under Contract No. FA4528-14-C-3001 | ) |

APPEARANCE FOR THE APPELLANT:        Samuel A. Diddle, Esq.
                                     Eberle, Berlin, Kading, Turnbow &
                                      McKlveen, Chtd.
                                     Boise, ID

APPEARANCES FOR THE GOVERNMENT:      Jeffrey P. Hildebrant, Esq.
                                     Air Force Deputy Chief Trial Attorney
                                     Lori R. Shapiro, Esq.
                                     Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE STINSON ON THE
GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURIDICTION

Appellant, Wright Brothers, The Building Company, Eagle LLC (Wright Brothers), appeals a contracting officer's September 27, 2019, final decision denying, in part, appellant's claim seeking an equitable adjustment for alleged government delay costs in the amount of $753,816.77 (R4, tabs 98, 109). The government filed a motion to dismiss the appeal for lack of subject matter jurisdiction, alleging that appellant failed to properly certify its claim as required by the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109. For the reasons stated below, we deny the government's motion.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On September 26, 2014, the government awarded Wright Brothers Contract No. FA4528-14-C-3001 in the amount of $3,791,573.00, for the repair and renovation of Building 1113WSA located at Minot Air Force Base, in Minot, North Dakota (R4, tab 9). The notice to proceed was issued on November 14, 2014 (R4, tab 24). The original contract period was 365 days, to commence upon issuance of the notice to proceed (R4, tab 9 at 1). Bilateral Modification No. P00011 extended the contract performance period to September 3, 2017 (R4, tab 20).

2. Wright Brothers submitted to the contracting officer a letter from its counsel dated May 30, 2019, seeking a "final equitable adjustment" for alleged

government-caused delays.  The letter referenced a "request for an equitable adjustment which has been referred to as COR 020."  The letter stated that appellant "is submitting its claim in an effort to bring closure to this project through mutual agreement and to avoid adversarial adjudication of a claim."  The letter also referenced a "final Change Order Request . . . itemized on COR020 dated May 28, 2019" and "a prior version of COR 020 dated September 27, 2018."  (R4, tab 98 at 1-2)  Included with the letter as an attachment was a cost breakdown for COR 020, also dated May 28, 2019, seeking a change order in the total amount of $753,816.77 (R4, tab 98c at 2).  Also included with the letter as an attachment was a certification stating:

> I certify pursuant to 10 USC § 2410 that the claim set forth in COR 020 (revised March 29, 2019) and with its supporting records, is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which Wright Brothers, The Building Company LLC believes the Government is liable; and that I am duly authorized to certify the claim on behalf of Wright Brothers, The Building Company LLC.
>
> Wright Brothers, The Building Company LLC.
>
> By: _____
> Trevor Wright, Member and Principal

(R4, tab 98d)[1]

3.  By email dated July 11, 2019, the contracting officer inquired from appellant as follows:

> My team is in the process of reviewing all of the documentation that was sent to my office on June 28th.  Can you clarify if this is a Change Order Request, Request for Equitable Adjustment, or Claim?  The reason I ask is because

---

[1] The copy of this certification in the government appeal file submitted pursuant to Board Rule 4 contains no signature of Mr. Wright (R4, tab 98d).  Appellant alleges that the May 30, 2019, letter, "included a certification page fully compliant with 41 U.S.C. § 7103(b)(1)" (app. resp. at 2).  Appellant submitted with its supplemental appeal file a signed copy of a certification, identified in appellant's Rule 4 index as "Executed Certification included with COR020," and a date stated in the index of May 31, 2019 (app. supp. R4, tab 1; *see* "Appellant's Rule 4 Index – Supplemental").

there was a claim certification in the paperwork, but it was not signed.

(R4, tab 100)

4. By letter dated July 12, 2019, appellant's counsel stated:

I am responding to your email dated July 11, 2019 to Trevor Wright to confirm that the submission sent to you on May 30, 2019 represented a certified claim and request for contracting officer's decision. The original certification transmitted under cover of my letter dated May 30, 2019 was executed. I am providing you with another copy of that letter and certification which is the form prescribed by FAR 33.207(c) and executed by an authorized representative of Wright Brothers.

(R4, tab 101 at 2)

5. Appellant's July 12, 2019 letter, included a copy of the May 30, 2019, letter (R4, tab 101 at 3). The July 12th letter also included a certification with identical wording and formatting as the certification submitted with the May 30, 2019, letter, signed by Mr. Wright (R4, tab 101 at 9).[2] The certification submitted with the July 12, 2019 letter, does not indicate the date Mr. Wright affixed his signature to the document.

6. By letter dated July 30, 2019, the contracting officer informed appellant:

In accordance with FAR 33.21(c)(2) – Contracting Officer's Decision, this letter provides notice that a decision on the claim, referenced as COR020 in your counsel's letter dated 30 May 2019 and initially received with defective certification on 31 May 2019, will be sent to you on 27 September 2019. This date is based on the size and complexity of the claim, and the adequacy of the contractor's supporting data.

---

[2] Appellant's response to the government's motion to dismiss states that the certification sent with the July 12, 2019, letter, was "the identical certification page from the claim previously transmitted" (app. resp. at 3 (citing R4, tab 101)). The government disagrees, stating "[d]espite WBTBC's contention in its Response that a signed certification accompanied this submission, WBTBC produced no signed certification for this submission" (gov't reply at 2).

3

(R4, tab 102 at 2)  The contracting officer also informed appellant that the government "would like to resolve the remaining items, detailed below, through mutual agreement, driven by discussion between the Contracting Officer and the Contractor" (*id*.).

7.  By letter dated August 20, 2019, appellant requested confirmation regarding the sufficiency of its claim certification:

> Initially I would like to confirm that any perceived deficiency in the May 31, 2019 certification was cured by virtue of my letter dated July 12, 2019.  While we do not agree that the initial certification was in any way deficient, we would appreciate it if you would respond indicating that you no longer perceive Wright Brothers, The Building Company's ("Wright Brothers") certification is defective in any way.

(R4, tab 103 at 2)  Appellant's August 20, 2019, letter, also confirmed its interest in resolving certain items contained in the claim and provided additional information regarding those items (R4, tab 103 at 2-7).

8.  On September 3, 2019, the parties held a telephone conference in which the parties discussed the issue of whether appellant submitted a properly certified claim.  On September 5, 2019, the contracting officer provided appellant with a memorandum stating, in part, "[a]s a follow-up to my conversation with Mr. Samuel Diddle on 3 September 2019, the Government considers the claim to have been cured by the letter provided on 12 July 2019."  The memorandum also stated its concurrence with amounts sought by appellant for Items 110 and 111 of its claim, and identified as remaining unresolved, Items 108(d) and (e), and 109.  (R4, tab 104)

9.  Appellant prepared a spreadsheet dated September 12, 2019, reflecting cost items contained in appellant's claim that were resolved by the parties, in the amount of $241,257.67 (R4, tab 106).

10.  Bilateral Modification No. P00013, effective September 19, 2019, detailed the resolved cost items from appellant's claim, as follows:

> The purpose of this modification is to:
>
> A. Incorporate Items 101-107, 108A, 108B, 108C, 108F and 110-112 from COR 020.
>
> B. Increase the contract amount by $241,257.67 (CLIN 0003) increasing the total contract value from $4,378,446.82 to $4,619,704.49.

4

C. In consideration of the modification agreed to herein as complete equitable adjustments for the Contractor's COR 020 items, 101, 102, 103, 104, 105, 106, 107, 108A, 108B, 108C, 108F, 110, 111 and 112, the Contractor hereby releases the Government from any and all liability under this contract for further equitable adjustments attributable to such facts or circumstances giving rise to COR 020 items: 101, 102, 103, 104, 105, 106, 107, 108A, 108B, 108C, 108F, 110, 111 and 112.

(R4, tab 22 at 1-2)

11. Appellant prepared a spreadsheet dated September 24, 2019, reflecting remaining cost items contained in appellant's claim that were not resolved by the parties, in the amount of $455,693.14. The items that remained unresolved were Items 108(d) and (e), and 109. (R4, tab 108)

12. On September 27, 2019, the contracting officer issued a final decision stating, in part:

1. Wright Brothers the Building Company (WB) has submitted a claim for contract number FA4528-14-C-3001, certified and received by the Government on 12 Jul 2019, in the amount of $753,816.77. Mutual agreement resulted in some items originally claimed being incorporated into the contract by a modification for $241,257.67. The remaining confirmed amount after modification is $455,693.14.

. . . .

[3.]e. On 11 Jul 2019, the Government requested clarification by email whether COR 020 was a claim or request for equitable adjustment since the claim certification was not signed.

f. On 12 Jul 2019, the Government received a response from Eberle Berlin, that COR 020 was a claim and that the original certification was signed 30 May 2019. Eberle Berlin provided a signed copy with their response.

(R4, tab 109 at 2, 4)

5

13. On November 27, 2019, appellant filed its notice of appeal of the contracting officer's final decision, stating, in part:

> The monetary amount in controversy is $455,693.14 plus interest and attorney fees and costs to which Wright Brothers may be entitled under the Equal Access to Justice Act. Wright Brothers' claim has been fully set forth in correspondence and emails dated May 30, 2019; July 12, 2019; August 20, 2019; and September 11, 2019.

(R4, tab 110 at 2)

## DECISION

It is well established that "[t]he linchpin of the Board's jurisdiction over a contractor claim is the contractor's submission of a proper claim to the CO for a decision" and that "[p]ursuant to the CDA, a contractor must submit a certification to the CO for any claim exceeding $100,000." *Areyana Grp. of Constr. Co.*, ASBCA No. 60649, 18-1 BCA ¶ 37,192 at 181,056. The government has filed a motion to dismiss appellant's appeal for lack of jurisdiction, alleging improper claim certification (gov't mot. at 1).

There is no dispute that the certification here met the CDA requirement of stating that:

> (A) the claim is made in good faith;
>
> (B) the supporting data are accurate and complete to the best of the contractor's knowledge and belief;
>
> (C) the amount requested accurately reflects the contract adjustment for which the contractor believes the Federal Government is liable; and
>
> (D) the certifier is authorized to certify the claim on behalf of the contractor.

41 U.S.C. § 7103(b)(1); *see also* 48 C.F.R. § 33.207(c) (setting forth certification language).

Although the parties disagree whether the certification submitted with the May 30, 2019, letter, was executed by Mr. Wright, there is no dispute that a signed version of the certification was submitted to the government by letter dated July 12, 2019 (SOF ¶ 5),

6

and that certification met the CDA requirement of being "executed by an individual authorized to bind the contractor with respect to the claim." 41 U.S.C. § 7103(b)(2).

According to the government (gov't mot. at 6), the certification's alleged fatal defect is its reference to appellant's "claim set forth in COR 020 (revised March 29, 2019)" (SOF ¶ 2).[3] According to the government, this defect resulted in "the complete absence of a certification" that "cannot be corrected and is fatal to the Board's jurisdiction" (gov't mot. at 6) (citing *Kirlin Builders, LLC*, ASBCA No. 61901, 20-1 BCA ¶ 37,485). As support, the government argues, "[t]here is no evidence in the record demonstrating that the certification corresponds to the May 30, 2019 claim," because the certification submitted by appellant (*see* SOF ¶¶ 2, 5) references a different date, i.e., the "claim set forth in COR 020 (revised March 29, 2019)," not May 30, 2019 (gov't mot. at 6). Appellant disagrees, stating, "the certification page specifically references COR020 and the record contains more than ample evidence 'demonstrating' that the certification page corresponds to the May 30, 2019 claim," of which it was a part (app. resp. at 4).

We agree with appellant. First, the record establishes that appellant submitted to the government as an attachment to appellant's May 30, 2019, letter, a CDA certification that pertained to appellant's claim, along with a cost breakdown of COR 020, dated May 28, 2020 (SOF ¶ 2). Second, the contracting officer sought clarification whether the May 30, 2019, letter, was a claim, noting that "there was a claim certification in the paperwork, but it was not signed" (SOF ¶ 3). Third, appellant's July 12, 2019, letter, confirmed appellant's position that its May 30, 2019, letter, was a claim, and included a signed version of the claim certification, as well as a copy of the May 30, 2019, letter (SOF ¶¶ 4-5).[4] Fourth, the contracting officer subsequently confirmed that "the Government considers the claim to have been cured by the letter provided on 12 July 2019" (SOF ¶ 8). The government's assertion that "there is a complete absence of a CDA certification that deprives this Board of jurisdiction" (gov't mot. at 6), is simply incorrect.[5]

---

[3] The record contains no evidence of, nor do the parties assert the existence of, a March 29, 2019 claim or a March 29, 2019 version of COR 020 (gov't mot. at 1 (citing R4, tab 98 at 2, which references "[t]he final Change Order Request . . . itemized on COR020 dated May 28, 2019" and "a prior version of COR 020 dated September 27, 2018")).

[4] During the period of claim submission and consideration, it appears neither party addressed the significance or import of the reference to appellant's "claim set forth in COR 020 (revised March 29, 2019)" in its certification (see SOF ¶¶ 6, 8) (discussing sufficiency of claim certification).

[5] For purposes of deciding the government's jurisdictional motion, we need not determine at this juncture whether the May 30, 2019, letter, was a properly certified claim, or whether the certification included with that letter as an attachment was properly

The government cites our decision in *Anwar Alsabah Co.*, ASBCA No. 59737-937, 15-1 BCA ¶ 35,907, as support for its argument that the certification here did not comply with the CDA (gov't reply at 4-5). In that appeal, the appellant filed a December 12, 2014 petition, requesting the Board order the contracting officer to issue a final decision on appellant's September 2010 payment request. The government argued that appellant had not submitted a properly-certified claim to the contracting officer. The record contained a December 3, 2014, CDA certification, dated just nine days prior to appellant's petition to the Board, which appellant proffered as its claim certification. We dismissed the appeal for lack of jurisdiction based upon improper claim certification, holding that appellant failed to provide evidence that it had provided the December 3, 2014, certification, to the contracting officer with a payment request. *Id*. at 175,525. Here, it is undisputed that appellant submitted to the contracting officer a certification with its May 30, 2019, letter (although the parties disagree whether that certification was signed), and subsequently submitted to the contracting officer a signed version of that certification, along with a corresponding copy of the May 30, 2019, letter (SOF ¶¶ 2, 4-5).

The government argues, "[t]he fact that the contracting officer issued a final decision cannot remedy the lack of a certification as subject matter jurisdiction cannot be conferred by the parties" (gov't mot. at 6). We agree that a contracting officer has "no authority to waive a requirement that Congress imposed." *Paul E. Lehman, Inc. v. United States*, 230 Ct. Cl. 11, 17, 673 F.2d 352, 356 (1982). However, to determine whether appellant submitted a certification with its claim here, we do not look to, or rely upon, the fact that the contracting officer issued a final decision on appellant's claim. Rather, we look to the surrounding circumstances, including the correspondence between the parties, which make clear that the certification applied to the claim (SOF ¶¶ 6, 8). Consistent with our finding, it is not surprising that the record reflects that both parties believed, during the claim submission process, that appellant had certificated its claim (SOF ¶¶ 4-8).

The government also suggests that appellant's claim certification was lacking because appellant submitted uncertified updates to its claim prior to issuance of the final decision (gov't reply at 1 n.1). The record establishes, however, that these updates were the result of negotiations between the parties that ultimately reduced, through compromise, the amount sought by appellant, thereby reducing the amount in controversy

---

executed, as it is undisputed that appellant submitted to the contracting officer a signed version of its certification on July 12, 2019, and ultimately satisfied the government's concerns whether appellant had submitted a properly certified claim (SOF ¶¶ 3-8). This factual issue could require resolution, however, in the event appellant ultimately prevails in this appeal, as it would bear upon the date the contracting officer received appellant's claim, which is relevant for purposes of determining CDA interest. 41 U.S.C. § 7109(a).

from $753,816.77 to $455,693.14 (SOF ¶¶ 6-12). As noted by appellant, "the items identified on revised spreadsheets as remaining in dispute are the same as the items in the May 30, 2019 claim" (app. resp. at 11). These updates to appellant's claim did not require any additional certification. *Tom Shaw, Inc.*, ASBCA No. 28596 *et al.*, 95-1 BCA ¶ 27,457 at 136,774, *aff'd on reconsid.*, 96-1 BCA ¶ 28,007 ("appellant's claim revisions constituted an attempt at accuracy, with dollars claimed for specific items both increasing and decreasing. At all times, the underlying claim allegations remained the same and the cost modifications did not constitute new claims requiring additional certification").

The government requests that, "[i]n the event the Board finds the certification is merely defective," the Board require appellant to "provide a corrected certification within 14 days of the Board's Order" (gov't mot. at 1). In so requesting, the government recognizes that "[a] defective certification does not deprive the Board of jurisdiction over a claim" (gov't mot. at 6) (citing 41 U.S.C. § 7103(b) and (c); *DAI Global v. Adm'r of the United States Agency for Int'l Dev.*, 945 F.3d 1196, 1198 (Fed. Cir. 2019)). Section 7103(b)(3) of the CDA states:

> A defect in the certification of a claim does not deprive a court or an agency board of jurisdiction over the claim. Prior to the entry of a final judgment by a court or a decision by an agency board, the court or agency board shall require a defective certification to be corrected.

41 U.S.C. § 7103(b)(3).

The Federal Acquisition Regulation (FAR) defines defective certification as "a certificate which alters or otherwise deviates from the language in 33.207(c) or which is not executed by a person authorized to bind the contractor with respect to the claim." 48 C.F.R. § 33.201. FAR 33.207(c) provides:

> The certification shall state as follows:
>
> I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable; and that I am duly authorized to certify the claim on behalf of the contractor.

48 C.F.R. § 33.207(c).

We note that the CDA contains no explicit requirement that a certification include the date it is signed. However, "[t]he certification should speak as of the time of its submission to the contracting officer, and not as of some prior date." *Loral Fairchild Corp.*, ASBCA No. 45719, 95-1 BCA ¶ 27,425 at 136,682. In *Loral Fairchild*, we held that a misdated certification was defective, stating:

> Appellant's second certification accompanied its claim resubmitted on 21 April 1992 (finding 12). The entry of "4 December 1990" following the text of the certification rendered the certification defective by causing the certification not to apply to the claim as submitted in April 1992. Hence, in that sense it was a "defective certification."

*Id*. We likewise held, however, that the defective certification was correctable. *Id*.

As noted above, the alleged certification defect here is appellant's reference to the "claim set forth in COR 020 (revised March 29, 2019)" (SOF ¶ 2). Section 7103(b)(1) of the CDA and section 33.207(c) of the FAR both are explicit as to the required certification language. Appellant included language not required or specified in the CDA or the FAR when it referenced "the claim set forth in COR 020 (revised March 29, 2019)" as an identifier for COR 020. The result was confusion as to what specifically appellant was referencing, albeit confusion that arose only after the advent of this litigation. In the context of this appeal, in addition to constituting language not required by statute or regulation, the certification included reference to an identifier for COR 020 that apparently had no connection to the claim actually being certified. To that extent, given the confusion it sowed, it warrants correction.

The certification here also includes the statement that it is made "pursuant to 10 USC § 2410" (SOF ¶¶ 2, 5). That statute, however, concerns not CDA claim certification, but rather certification of requests for equitable adjustment. *Kirlin Builders,* 20-1 BCA at 182,071. Neither party addresses the significance or import of appellant's reference to section 2410 in the certification.

To the extent appellant's reference to "the claim set forth in COR 020 (revised March 29, 2019)", and 10 U.S.C. § 2410, "alters or otherwise deviates from the language in 33.207(c)," those "defects" can be cured. 48 C.F.R. § 33.201; 41 U.S.C. § 7103(b)(3). Accordingly, appellant is ORDERED to correct the defects in its certification as soon as is practical, but certainly prior to any decision on the merits entered by the Board in this appeal, as required by 41 U.S.C. § 7103(b)(3).

## CONCLUSION

We possess jurisdiction to consider Wright Brothers' appeal of the contracting officer's final decision. The government's motion to dismiss for lack of jurisdiction is denied. Appellant shall timely submit to the Board a corrected certification conforming to the requirements of 41 U.S.C. § 7103(b) and 48 C.F.R. § 33.207(c), as discussed above.

Dated: October 8, 2020

DAVID B. STINSON
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

11

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62285, Appeal of Wright Brothers, the Building Company, Eagle LLC, rendered in conformance with the Board's Charter.

Dated:  October 13, 2020

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals